## SNYDER PASTEURIZED MILK COMPANY

*v.*

## JOHN W. BURTON.

[Submitted March 25th, 1912.   Decided June 20th, 1912.]

1. A person who has sold the good· will of his business· may, unless he has otherwise covenanted, set up a rival business, but he may not solicit the custom of those who have previously dealt with him.

2. A person by his inequitable conduct may deprive himself of a right he might otherwise lawfully claim.

On appeal from an order of the court of chancery advised by Vice-Chancellor Walker.

*Mr. John A. Hartpence, Messrs. Vredenburgh, Wall & Carey,* for the appellants.

*Mr. William J. Backes,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This is an appeal from· an order of the court of chancery directing the issuance of an injunction to restrain "the defendant from soliciting any of the customers of the complainant, who had, prior to the sale of the property and good will of the milk business of the said defendant to the complainant, been his customers, to deal with or to purchase milk and cream from him and not to purchase their milk and cream from the complainant; also from selling· or delivering milk and cream to any of the customers of the said complainant who had, prior to the sale of the property and good will of the milk business of the defendant ·to the complainant, been his customers and who have been (*i. e.,* prior to

the filing of this bill) solicited by him to purchase their milk and cream of him."

This order indicates the scope of the litigation and the nature of the transaction out of which it arose. In brief, the defendant, John W. Burton, having sold to the complainant the personal property used by him in carrying on his milk business together with the good will, engaged in a competing business, owned either by himself or by his wife, and solicited his former customers to deal with him; and at the time of the filing of the bill the defendant was serving a large number of his former customers whose custom he had secured by such solicitation.

The defendant having made no express covenant may engage in a competing business. This, which is the recognized rule, is admitted by the complainant.

The controverted question is whether the defendant having sold the good will of his business and engaged in a competing business may be enjoined from soliciting his former customers to deal with him.

Upon this question judicial opinion in this country is not in entire unanimity and in England after a period of vacillation the question was set at rest by the house of lords only as recently as 1896.

In this state the trend of decision in the court of chancery and of *dictum* in this court favors the rule that was applied in the present case.

Thus in *Althen* v. *Vreeland, 36 Atl. Rep. 479* (not otherwise reported), in which there was a covenant, that was unreasonable because of its territorial extent, the court of chancery enjoined the vendor from soliciting his old customers not by force of his covenant but on general principles deemed applicable to the circumstances of the case.

In *Newark Coal Co.* v. *Spangler, 54 N. J. Eq. (9 Dick.) 354,* which was not a soliciting case but one in which the defendant had advertised his former connection with the business he had sold, Vice-Chancellor Emery rehearses the English decisions on the subject of soliciting as part of the argument of his opinion, without adverse comment as to the rule finally adopted.

In *Scudder* v. *Kilfoil, 57 N.J. Eq. (12 Dick.) 171,* in which

there was a restrictive covenant, Vice-Chancellor Reed said *obiter:* "The sale of the good will would have only precluded the vendor from soliciting trade from old customers."

In *Richardson* v. *Peacock, 33 N. J. Eq. (6 Stew.) 597,* which was in this court and in which there was a restrictive covenant, Mr. Justice Dixon said: "The case is not one of a mere implied contract growing out of a sale of the good will of a business. Such a sale, without more, while it does not prevent the vendor from carrying on a similar business and, perhaps, dealing with the old customers, will prevent his soliciting the old customers by any means other than the general advertisement of his business," citing *Laboucherc* v. *Dawson, L. R. 13 Eq. 322.*

Although this was *dictum* and although at the time, viz., 1881, the law of England was not settled by the case cited, we think that the rule stated was the one we should adopt upon the reasoning and authority of the later case of *Trego* v. *Hunt, 65 L. J. Ch. 1.* This case came before the house of lords in 1895 and was decided upon the opinion of Lord Herschell in which the state of the law upon the subject was exhaustively considered with the result that the case of *Labouchere* v. *Dawson,* which had been questioned in some quarters and finally overruled by the court of appeal in *Pearson* v. *Pearson, 27 Ch. Div. 145,* was declared to have been correctly decided. The rule of the English courts thus established is that a person who has sold the good will of his business may set up a rival business but is not entitled to solicit the custom of those who have previously dealt with him.

We can add nothing to the exposition contained in the opinion in *Trego* v. *Hunt,* which may be conveniently consulted with the annotation of American decisions in *12 Eng. Rul. Cas. 442.*

The court of chancery in the present case having properly enjoined the defendant from soliciting his old customers properly enjoined him also from serving those he had obtained by such solicitation. This is within the principle of decision and essential to the remedy based thereon. The argument that such customers might without solicitation have returned of their own accord is answered by what we said as to a similar argument in *Stone* v. *Grasselli Chemical Co., 65 N. J. Eq. (20 Dick.) 756,*

*762;* the principle being that one by his own inequitable conduct may practically deprive himself of what otherwise he might rightly claim.

The conflict of testimony as to whether the owner of the rival business is the defendant or his wife is not significant upon this appeal. The injunction is against John W. Burton. Whether its effect will be to deprive him of an inequitable advantage as owner or as an agent is an immaterial consideration. If he be an agent his chief asset as such, so to speak, is his influence with his old customers, which he is not entitled to trade upon either as enhancing the value of his services as agent or as something that he can swing to an employer.

The order of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY —15.

*For reversal*—None.