Hahn, Appellant, *v.* Andrews et ux., Appellants.

Argued October 4, 1956. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, and Carr, JJ. (Hirt, J., absent).

*Everett Kent,* with him *S. Maxwell Flitter,* for plaintiff.

*Francis H. S. Ede,* for defendants.

Opinion by Ervin, J., November 13, 1956:

Plaintiff, Clark Hahn, instituted an action of foreign attachment against Frederick F. Andrews and Rosemarie L. Andrews, his wife, seeking damages for the breach of an oral contract whereby plaintiff agreed to buy and defendants agreed to sell a certain retail oil business for the sum of $4,800.00. The plaintiff obtained a verdict in the sum of $1.00. The plaintiff filed a motion for a new trial because of the inadequacy of the verdict. The defendants filed a motion for judgment n.o.v. Both motions were dismissed by the lower court and both parties appealed. The facts and inferences therefrom most favorable to the plaintiff, he having won the verdict, may be summarized as follows:

On or about August 16, 1948 the parties entered into an oral contract in the sum of $4,800.00, and the plaintiff paid $2,500.00 on account. For his $4,800.00 the plaintiff was to receive the fuel oil business, including good will, and a 1946 G.M.C. fuel oil truck with the accessories included. In addition, the defendants promised to deliver to plaintiff the names and addresses of 85 to 100 customers and to visit the homes of the customers with plaintiff for the purpose of introducing him and recommending that they continue to purchase fuel oil from him. On the aforementioned date, the defendants stated that they were about to leave on vacation for about 10 days and after their return they would visit the homes of the customers with the plaintiff for the above mentioned purposes. At that time defendants were to transfer the title to the truck to plaintiff, after which the $2,300.00 balance of the purchase price was to be paid. On numerous occasions thereafter the plaintiff requested defendants to transfer the title to the truck and to visit the customers with him but the defendants refused to do so.

On March 7, 1949, the defendants, without notice to plaintiff, went to the parking lot where the plaintiff stored the oil truck and towed it away. Shortly thereafter the plaintiff instituted a suit in replevin and the jury rendered a verdict in favor of the defendants in the sum of plaintiff's declared value of $2,500.00. This judgment was affirmed by the Supreme Court. See *Hahn v. Andrews,* 370 Pa. 65, 87 A. 2d 284. The replevin action merely determined the right to possession of the truck and the Supreme Court said that any claims which the purchaser may have against the seller must be asserted in an independent proceeding. The present action was undoubtedly brought for that purpose. As a result of the verdict for the plaintiff in the present case the status of the parties is now as follows:

On August 16, 1948, when the oral agreement was made, plaintiff paid to the defendants $2,500.00.

The defendants have a $2,500.00 judgment against plaintiff in the replevin action.[1]

The verdict of the jury in the present action determines that the terms of the contract were as stated by the plaintiff and that the defendants breached the same by not introducing and recommending the plaintiff to the defendants' 85 to 100 customers.

The defendants have received $5,000.00 in cash or its equivalent and the plaintiff has received nothing but the truck and the oil purchasing rights.

The plaintiff was to pay only $4,800.00 for the entire bargain. He has in effect paid $5,000.00 and the defendants have failed to deliver to him a very substantial part of the bargain, to wit: the introduction and recommendation to defendants' 85 to 100 customers. The plaintiff continued getting oil from the same source that defendants had and plaintiff continued to sell oil in the Bangor and Pen Argyl vicinity, using the said truck to deliver the oil. Indirectly plaintiff had gotten only four of the defendants' former customers. So that justice may be done it is our opinion that a new trial must be granted so that the plaintiff may be given an opportunity to prove his damages. The plaintiff's efforts to prove damages were completely blocked by the lower court.

The plaintiff, who was operating a small oil business in this community, was not permitted to testify what it would cost to operate a business such as he bought from the defendants. He was not permitted to show how much oil he was selling per month or per

---

[1] The plaintiff instituted the replevin suit with bond, as a result of which the sheriff delivered the possession of the truck to him.

year. He was not permitted to testify concerning the sale of a similar business which occurred shortly after August 16, 1948. He was not permitted to tell what profits would have been derived from this very business, notwithstanding the testimony showed that he had looked at the books of this business and that the defendants admitted that it was earning profits. The lower court felt that the plaintiff's answers "would have been a self-serving guess." The lower court's ruling was prompted also by its opinion that "One doesn't 'receive' customers: one develops them." It is reasonably certain that plaintiff could have retained a goodly portion of the 85 to 100 customers if defendants had performed their promises. At least plaintiff should have been given the opportunity to do so. In an oil business the dealer knows when he last delivered oil and when his customer will be needing it again. We believe that most customers today depend upon their dealer to keep them supplied with oil as and when it is needed without the necessity of a call. To have an entree to a list of customers in this particular kind of a going and established business is a valuable asset.

We hesitate to offer any advice as to how this case should be tried but inasmuch as it has already been tried three times we believe it proper to cite several principles of law applicable to the proof of damages in a case of this kind.

In the first place, it should be realized that this is not the usual sale of an article or goods for which a substitute can be readily found on the open market. In such a case the proof of damages is comparatively simple. Here we are concerned with the sale of a going and established business. It was a business in which profits had been regularly made, according to the defendants. It should be easy to determine from the

books of the defendants what the receipts, expenditures and profits were. The jury, in the possession of this factual information, would not be obliged to guess at the value of such a business. If there were any similar sales of like businesses in this community at or about the time of this sale, we believe it would be helpful to let the jury have this information.

The plaintiff did not elect to rescind the agreement because he continued to carry on the oil business. He procured the oil from the source which defendants had assigned to him. He retained the truck and its accessories and used it to deliver the oil to whatever customers he could get in the same community wherein defendants had formerly operated. The present action must necessarily be for damages for breach of contract. Plaintiff cannot retain some of the benefits under the agreement and at the same time rescind the agreement.[2] *Stanley Drug Co. v. Smith, Kline & French,* 313 Pa. 368, 170 A. 274.

In *Wilson v. Wernwag,* 217 Pa. 82, 94, 66 A. 242, the Court said: "An examination of the well-considered cases will show that prospective profits may be recovered for the breach of a contract whenever they are susceptible of proof. They have been rejected by the courts as damages only because of the failure to prove them with sufficient certainty and definiteness. There can be no good reason why they should not be recovered when they are capable of definite estimation. The injured party has the right to demand and receive from the defaulting party full compensation for the loss he

---

[2] This has been changed by the new Uniform Commercial Code which provides that a buyer may both revoke acceptance and recover damages. Act of 1953, April 6, P. L. 3, §2-711, 12 A. PS §2-711. The Uniform Commercial Code became effective at 12:01 a.m., July 1, 1954 and therefore is not applicable to the present case.

has sustained by a breach of the contract. Each party knows the terms of the contract and, therefore, is presumed to know the loss each will sustain by its breach. Hence when either party refuses to observe his agreement he knows the necessary consequence of his act which is to deprive the other party of the value of his bargain, the equivalent of which is the profits he would realize if its terms had been complied with. In such cases, as said in Hitchcock v. Supreme Tent (Mich.), 43 Am. St. Rep. 423, 'the profits lost constitute the legitimate measure of damages. The law is not so blind to justice as not to require the defendant to respond in damages, if there is any reasonable basis for their ascertainment.' When, therefore, the evidence shows with reasonable certainty the profits which have been lost by the breach of a contract, they should be considered damages recoverable by the injured party from the one in default."

In *Mass. Bonding & Ins. Co. v. Johnston & Harder, Inc.*, 343 Pa. 270, 279, 280, 22 A. 2d 709, it is said: "Williston on Contracts, Revised Edition, Vol. 5, lays down these principles in respect to measuring damages: Section 1345, p. 3776, 'Though any breach of contract entitles the injured party at least to nominal damages, he cannot recover more without establishing a basis for an inference of fact that he has been actually damaged. A mere possibility that the plaintiff might have made a profit if the defendant had kept his contract will not justify damages based on the assumption that the profit would have been made. But though there must be evidence of substantial damage in order to justify recovery of more than a nominal sum, the exact amount need not be shown. Where substantial damage has been suffered, the impossibility of proving its precise limits is no reason for denying substantial damages

altogether.' Section 1346A, p. 3781: 'Various methods are used in proving prospective profits. These methods are not mutually exclusive, but often one method is more feasible than others. (1) . . . (2) Evidence of past profits in an established business furnish a reasonable basis for estimating future profits. (3) Profits made by others or by the plaintiff himself in a similar business or under a similar contract, where the facts were not greatly different may also afford a reasonable inference of the plaintiff's loss. (4) The evidence of experts if based on anything more than individual opinion or conjecture has also been admitted.' Williston also says, section 1346, p. 3781: 'Where a breach of contract involves deprivation of a chance which has value in a business sense, a just reluctance will be felt by most courts to deny altogether the recovery of substantial damages'.

"The essence of the legal principles above cited is that compensation for breach of contract cannot be justly refused because proof of the exact amount of loss is not produced, for there is judicial recognition of the difficulty or even impossibility of the production of such proof. What the law does require in cases of this character is that the evidence shall with a fair degree of probability establish a basis for the assessment of damages." See also *Mass. Bonding & Ins. Co. v. Johnston & Harder, Inc.*, 348 Pa., 512, 515, 516, 35 A. 2d 721; *Burks v. Sinclair Refining Co.*, 183 F. 2d 239, 242; *The Pittsburgh Gauge Co. v. The Ashton Valve Co.*, 184 Pa. 36, 39 A. 223; *Macan v. Scandinavia Belting Co.*, 264 Pa. 384, 107 A. 750; *Weinglass v. Gibson*, 304 Pa. 203, 207, 208, 155 A. 439; *Com. Tr. Co. v. Hachmeister Lind Co.*, 320 Pa. 233, 238, 239, 240, 181 A. 787; *Lambert v. Durallium Prod. Corp.*, 364 Pa. 284, 286, 72 A. 2d 66.

Restatement, Contracts, §331, provides: "Damages are recoverable for losses caused or for profits and other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. . . Comment: d. If the defendant's breach has prevented the plaintiff from carrying on a well-established business, the amount of profits thereby prevented is often capable of proof with reasonable certainty. On the basis of its past history, a reasonable prediction can be made as to its future. This may not be the case, however, if the business is one that is subject to great fluctuation either in volume or in the cost of production or the value of the product. In each case the number of possible contingencies and the probability of their occurrence must be considered."

Of course, the plaintiff has the burden of proving damages, and he must establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule. *Rice v. Hill,* 315 Pa. 166, 172 A. 289.

The decree of the lower court dismissing defendants' motion for judgment n.o.v. is affirmed. The judgment of the lower court is reversed with a venire.