**AMERICAN ICE COMPANY**

v.

**ROYAL PETROLEUM CORPORATION, Alfred A. Abrahams, Sydney J. Bacal and Edward B. Grabosky, Appellants.**

No. 12656.

United States Court of Appeals
Third Circuit.

Argued Sept. 17, 1958.

Decided Nov. 20, 1958.

Alfred L. Luongo, Philadelphia, Pa. (Morris L. Weisberg, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., on the brief, for appellant Royal Petroleum Corp.; Marvin Comisky, Brumbelow & Comisky, Joseph H. Resnick, Philadelphia, Pa., on the brief, for appellants Alfred A. Abrahams, Sydney J. Bacal and Edward B. Grabosky), for appellants.

Abraham L. Freedman, Philadelphia, Pa. (Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

■ Appellant Royal Petroleum Corporation and the three individual appellants, Abrahams, Bacal and Grabosky, have invoked our jurisdiction under Section 1292 of Title 28 of the United States Code to review an interlocutory order of the district court restraining them from certain alleged acts of unfair competition until final disposition of litigation challenging those acts. Appellee American Ice Co., plaintiff below, is a competitor of Royal Petroleum Corporation in the retail selling and distribution of fuel oil in eastern Pennsylvania where all transactions relevant to this case occurred. Diversity jurisdiction has brought this dispute into a federal court, and it is clear, as all concerned agree, that the law of Pennsylvania determines the questions in controversy.

Asking for equitable relief, American has charged in the present suit that Royal and its three named employees have unfairly and unlawfully diverted and attempted to divert fuel oil business from it by soliciting the trade of consumers named in certain customer lists which American had purchased for value from ABC-Federal Oil and Burner Co., Inc. False and unfair disparaging of the capacity of American to assure continuing fuel oil service is also charged.

■ On a motion for a temporary injunction the district court received testimony and made findings of fact. It appeared that the claim of American was founded upon an agreement between American and ABC-Federal under which American attempted to acquire the business advantage of serving ABC-Federal's fuel oil customers in a situation where the latter was abandoning the business of selling fuel oil. The agreement provided for the transfer of certain ABC-Federal assets to American, among them a list of ABC-Federal fuel oil customers supported by data concerning individual fuel oil needs and individual financial responsibility. The agreed consideration, which was actually paid to ABC-Federal by American, included $28,421.35, which would later be credited to American as an advance in the computation of commissions which it agreed to pay ABC-Federal over a four year period on its fuel oil sales to persons named on the ABC-Federal customer lists. Although appellants claim that the purport of this agreement is not clear, we think there is no serious question but that the parties agreed that American should succeed to the good will and trade advantages enjoyed by ABC-Federal as the supplier of the fuel oil requirements of the listed customers.

■ Pennsylvania law has recognized customer data of the kind involved here as confidential and highly valuable information entitled to protection as a trade secret. Morgan's Home Equipment Corp. v. Martucci, 1957, 390 Pa. 618, 136 A.2d 838; Hahn v. Andrews, 1957, 182 Pa.Super. 338, 126 A.2d 519. Had ABC-Federal attempted to frustrate its bargain in this case by action designed to divert the trade of these customers to a third supplier such action

would unquestionably have warranted the restraining interposition of a court of equity. Cf. Snyder Pastuerized Milk Co. v. Burton, 1912, 80 N.J.Eq. 185, 83 A. 907; S. F. Myers Co. v. Tuttle, C.C. S.D.N.Y.1910, 183 F. 235.

■ True, ABC-Federal is not a party to this litigation. But the individual appellants had been employees of ABC-Federal. The evidence before the court below adequately showed for purposes of preliminary injunction that, whatever these defendants may have done in obtaining or holding the fuel oil business of particular customers and thus building the lists in question, had been done in the normal course of their employment for and in the interest of their employer ABC-Federal, or at earlier times in the interest of ABC-Federal's predecessors in business. These predecessors for consideration had surrendered their customer lists and attendant advantages to ABC-Federal. As the record now stands, the conclusion is warranted that the three individual appellants always acted as employees or in some other representative capacity in their productive dealings with fuel oil consumers and thus have no equitable interest of their own in the customer lists. On the present record the lists were part of the good will of ABC-Federal and not the equitable property of the individual defendants. Cf. Seligman & Latz v. Vernillo, 1955, 382 Pa. 161, 114 A.2d 672; Chas. H. Elliott Co. v. Skillkrafters, Inc., 1921, 271 Pa. 185, 114 A. 488; Colonial Laundries, Inc. v. Henry, 1927, 48 R.I. 332, 138 A. 47, 54 A.L.R. 343.

■ With reference to Royal the court below has found that this competitor of American knew that the individual appellants "were soliciting the former customers of ABC-Federal Oil & Burner Co., Inc. by means of the confidential information in their possession in respect to these customers and had employed them, at least in part, to secure the benefits of their knowledge of, and contacts with, said customers". The record warrants this finding. It provides a sufficient equitable basis for imposing upon Royal

the same restraint that is imposed upon the individual appellants.

■ More generally, except in a minor way yet to be discussed, the temporary injunction here does no more than maintain the *status quo* as to business relations of distributors with the trade until final disposition of this litigation. Indeed, appellants object to the injunction for the very reason that it prevents them from changing the *status quo* during the pendency of this suit. It is well settled, and properly so, that appellate courts will not interfere with injunctions of this limited effect except in the unusual case and for very persuasive reason. Benson Hotel Corp. v. Woods, 8 Cir., 1948, 168 F.2d 694; Sinclair Refining Co. v. Midland Oil Co., 4 Cir., 1932, 55 F.2d 42; cf. Railroad Yardmasters of America v. Pennsylvania R., 3 Cir., 1955, 224 F.2d 226; Murray Hill Restaurant Inc., v. Thirteen Twenty One Locust, Inc., 3 Cir., 1938, 98 F.2d 578; Continuous Glass Press Co. v. Schmertz Wire Glass Co., 3 Cir., 1907, 153 F. 577. We find no such compelling reason for intervention here.

■ Finally, there is a question concerning the scope of the injunction. In terms it restrains appellants from selling or attempting to sell fuel oil "to customers or former customers" of ABC-Federal appearing on the customer lists in question, other than those whose trade had already been obtained by Royal before the issuance of the injunction. On its face this restraint covers former ABC-Federal customers who had transferred their patronage to some supplier other than American. It also embraces customers who award their business on competitive bidding. These cases of former customers and of business procured by competitive bidding may not be numerous or of serious consequence, although the parties recognize that there are such cases. However, we are satisfied that their inclusion is not necessary or appropriate to the maintenance of the *status quo* which the injunction properly seeks to achieve. Accordingly, we shall direct that the injunction be so

limited as to eliminate these two situations from its restraint.

The cause will be remanded for modification of the preliminary injunction in accordance with this opinion and, as thus modified, that order shall stand affirmed. No party shall be awarded costs of this appeal as against any other.