Model Vending, Inc., v. Seneca Corp.

*J. Justus Bodley*, for plaintiff.

*Robert K. Baker*, for defendant.

SATTERTHWAITE, J., October 7, 1960.—Defendant's preliminary objections consist of a motion to strike off the particular paragraphs of both counts of plaintiff's complaint which specify the manner in which the respective amounts of damages are computed for al-

leged breaches of the contracts upon which suit was brought. The basis of objection is that such claims of damages are based on contract clauses which purport to liquidate damages, but which in fact amount to penalties and hence are unenforcible.

According to the complaint, plaintiff installed its coin-operated cigarette vending machine and another coin-operated amusement device in defendant's restaurant under respective written contracts by which the profits of the operation thereof were to be divided in specified proportions between plaintiff and defendant. The agreements contemplated that plaintiff was to have exclusive rights for the installation of these respective types of machines on defendant's premises for a five-year period from April 8, 1958. The eighth paragraph of each agreement provided as follows:

"8. In the event of a breach of this agreement by the LOCATION OWNER [defendant] the LOCATION OWNER agrees to pay as liquidated damages and not as a penalty or forfeiture, a sum equal to the average weekly earnings of the OPERATOR [plaintiff] prior to breach, multiplied by the number of weeks remaining in the unexpired term of this agreement, to be paid immediately at the breach of this agreement, but not less than one hundred dollars ($100.00)."

The contracts also provided, inter alia, that defendant agreed to exercise reasonable care to prevent said equipment from being removed, damaged, injured or tampered with, to promptly notify plaintiff when the equipment not be in good working order and to furnish electrical current for the operation thereof.

We believe, for the rationale stated in Raymond A. McPherson, Inc., v. Veneziale, 18 D. & C. 2d 757, and the authorities therein cited, that since paragraph eight of the agreements calls for the payment of the same amount of damages irrespective of the degree,

extent and consequences of the various and sundry possible defaults which defendant might make, that paragraph sets forth a penalty rather than properly liquidated damages, and is therefore unenforcible as such. For example, defendant might negligently have suffered some minor or inconsequential damage to be done to the machines, which damage could be easily and cheaply repaired, or it might have failed for a few days to notify plaintiff of the machines' mechanical failure, or it might have permitted the electrical supply to be cut off temporarily. In any of these events, defendant would be in apparent default under the contracts and literally subject to the possibly extortionate sanctions of paragraph eight which under such circumstances would bear no reasonable relation to just compensation for the breach.

This conclusion, however, does not require that we grant defendant's motions to strike off the paragraphs of the complaint alleging plaintiff's computation of damages. It is true that they do indicate that they are founded on the terms of the contracts and hence presumably are intended to refer to paragraph eight; nevertheless, it by no means appears that they are erroneous statements of the damages to which plaintiff would be entitled on the facts pleaded even if no paragraph eighth were contained in the contracts or if it be entirely ineffective and hence disregarded as we have indicated.

Plaintiff's causes of action are based on the position that although it had performed, and was ready, willing and able to continue to perform its part of the contracts, nevertheless, it was ordered (presumably by defendant, although the complaint does not so state; defendant makes no point of this lack of particularity) on February 11, 1959, to remove the machines, and hence has lost the benefit of the placement of the machines in defendant's place of business for the balance

of the term, a period in excess of four years. The paragraphs in question allege the basis of damages to be the average weekly amounts received by plaintiff prior to breach in the case of each machine, particularized by the actual computation to be the average weekly *profits* to plaintiff, not gross receipts, multiplied by the number of weeks remaining in the unexpired terms of the contracts.

On the face of the complaint, we cannot say that this measure of damages is erroneous. Loss of prospective profits is a proper element of compensation in contract actions: Taylor v. Kaufhold, 368 Pa. 538; Hahn v. Andrews, 182 Pa. Superior Ct. 338; Guady v. Seaman, 188 Pa. Superior Ct. 475. Plaintiff is forewarned, however, that it cannot rely upon paragraph eighth of its agreements for proof thereof, and must produce evidence at trial which will afford a sufficient basis for determining such loss of profits with reasonable certainty: A. L. I. Restatement of the Law of Contracts, §331; compare Western Show Company, Inc., v. Mix, 308 Pa. 215, 315 Pa. 139; Hahn v. Andrews, supra; Guady v. Seaman, supra, and the various precedents therein mentioned.

Since the paragraphs of the complaint in question do not patently state an improper measure of damages allowable by law apart from the contract provisions therefor, the motion to strike off must be denied, although the averments in such paragraphs that plaintiff is entitled to damages as computed "under the terms of the contract" should be disregarded as erroneous conclusions of law.

## Order

And now, October 7, 1960, for the reasons stated in the foregoing opinion, defendant's preliminary objections to plaintiff's complaint are hereby overruled, with leave to defendant to file an answer to said complaint within 20 days from this date.