**NATIONAL CHEMSEARCH CORPORATION OF NEW YORK, Inc.**

v.

**Alfred L. BOGATIN and Madison Chemical Corporation, Appellants.**

No. 15204.

United States Court of Appeals Third Circuit.

Argued June 17, 1965.

Decided July 27, 1965.

---

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania granting plaintiff, National Chemsearch Corporation, a preliminary injunction. Injunctive relief was sought against defendant, Bogatin, for violation of a restrictive covenant clause in his employment contract with Chemsearch. Bogatin allegedly had agreed not to sell or solicit sales in the territory he had served for Chemsearch. Similar relief was sought against the Madison Chemical Corporation for allegedly conspiring with Bogatin to breach this obligation. On August 21, 1964, the lower court granted the injunction for a period of one year.

■■ The granting of a preliminary injunction rests in the sound discretion of the trial court. Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 573 (C.A.3, 1959). This exercise of discretion will not be disturbed on appeal unless it is contrary to some rule of equity or the result of an improvident exercise of judicial discretion. Deckert v. Independence Shares Corp., 311 U.S. 282, 290, 61 S.Ct. 229, 85 L.Ed. 189 (1940); American Ice Co. v. Royal Petroleum Corp., 261 F.2d 365, 368 (C.A. 3, 1958). In the instant case the preliminary injunction must be vacated because in granting it for a period of one year the district court exceeded the permissible limitations of its discretion. Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., supra.

■ Defendants urge in this appeal, as they did in the district court, that § 1014 of Article X of the Business Corporation Act, 15 Purdon's Pa.Stat.Ann. § 2852–1014, bars plaintiff from instituting an action on any contract in the courts of Pennsylvania.[1] Defendants as-

Joseph G. Manta, LaBrum & Doak, Philadelphia, Pa. (James M. Marsh, Philadelphia, Pa., on the brief), for appellants.

Bancroft D. Haviland, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa. (Frank B. Murdoch, Philadelphia, Pa., Edwin Tobolowsky, Dallas, Tex., on the brief), for appellee.

1. In Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), the Supreme Court indicated that the federal courts sitting in diversity of citizenship cases must apply this type of state statute governing access to the courts.

serted that Chemsearch does in fact "do business" in Pennsylvania and has no certificate of authority. However, the district court in ruling on this contention held that Chemsearch's activities do not meet the standards of doing business as required by the statute and therefore were not barred from instituting this suit. Since we are vacating the injunction, we will not now pass upon the correctness of the district court's holding in this matter. Further, the parties will at the hearing have an opportunity to present additional evidence with respect to all the facets of the case. If we are to rule on the questions of law here allegedly involved, it should be on the basis of a full record developed at a full hearing on the merits. See Railroad Yardmasters of America v. Pennsylvania Railroad Co., 224 F.2d 226 (C.A.3, 1955).

The order of the district court will be vacated and the cause remanded for further proceedings in accordance with this opinion.