424 F.2d 532
 Fed. Sec. L. Rep. P 92,634
 M. L. LEE & CO., Inc.,
v.
AMERICAN CARDBOARD & PACKAGING CORPORATION, Murray Toll and
Jacquelyn Toll, Martin L. Levy, Milton D. Blauner & Co.,
Inc., Milton D. Blauner, Charles H. Sulzberger, and
Hallowell, Sulzberger, Jenks, Kirkland & Co. (Additional
Defendants on Counterclaim).
MILTON D. BLAUNER AND CO., Inc.,
v.
AMERICAN CARDBOARD & PACKAGING CORPORATION, Murray Toll and
Jacquelyn Toll, Martin L. Levy, M. L. Lee & Co., Inc.,
Milton D. Blauner, Charles H. Sulzberger, and Hallowell,
Sulzberger, Jenks, Kirkland & Co. (Additional Defendants on
Counterclaim).
American Cardboard & Packaging Corporation, Murray Toll and
Jacquelyn Toll, Defendants, and American Cardboard &
Packaging Corporation, Debtor in Chapter XI Proceedings in
the United States District Court for the Eastern District of
Pennsylvania (Cause No. 29181), and Anthony J. O'Connell,
Receiver of said Debtor in said Chapter XI Proceedings,
Appellants in Both Cases.
 Nos. 18071-2.
 
 United States Court of Appeals, Third Circuit.
 Argued March 19, 1970.
Decided April 8, 1970.
 Arnold R. Ginsburg, Philadelphia, Pa., for appellants.
 Richard P. Brown, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa. (J. Wesley Oler, Philadelphia, Pa., on the brief), for appellees.
 Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 These appeals, consolidated under Rule 3(b), Fed.R.App.P., bring before us for review identical orders and judgments entered in a consolidated non-jury trial before the district court. The defendants-appellants in each case are the same. The plaintiff-appellee in each case is a securities underwriter. Each plaintiff sued on a promissory note in the amount of $18,750.00 made by American Cardboard & Packaging Corporation and its principal stockholders, Murray Toll and Jacquelyn Toll. When these suits were filed the defendants-appellants asserted in their answer that the notes were to be paid only out of the proceeds of a public offering of securities to be issued by American Cardboard & Packaging Corporation, and underwritten by plaintiffs.
 
 
 2
 The defendants-appellants also filed counterclaims, and joined as additional defendants on the counterclaims a number of officers, directors and stockholders of the plaintiff underwriters, and a third underwriter. The counterclaim alleged that by a letter agreement of September 21, 1961 the underwriters had agreed jointly to underwrite a public offering of American Cardboard common stock; that in reliance on this agreement the corporation retained counsel and accountants who prepared and filed a Registration Statement with the Securities and Exchange Commission, amended its articles of incorporation, recapitalized, and made certain capital expenditures; that the underwriters distributed copies of a preliminary prospectus between January 15, 1962 and March 16, 1962; that the Securities and Exchange Commission issued a letter of comment on the preliminary prospectus on March 20, 1962; and that between March 20, 1962 and May 28, 1962, when a market break occurred in the stock market, the underwriters neglected and refused to furnish the necessary information for completion of the Registration Statement or to go forward with the underwriting. These alleged derelictions by the underwriters were claimed to have resulted in a deterioration of the corporation's working capital position which eventually forced it to resort to the federal courts in a Chapter XI proceeding. The underwriters' conduct was alleged to be a breach of the September 21, 1961 contract. Alternatively, the corporation asserted common law fraud and promissory estoppel as bases for liability of the underwriters, assuming there was no such contract. Finally, it was alleged that the underwriters' conduct was a device, scheme or artifice to defraud the defendants-appellants in violation of Rule 10b-5 of the Rules of the Securities and Exchange Commission, 17 C.F.R. 240.10b-5 (1969); and of Section 10(b) of the Securities Exchange Act of 1934. 15 U.S.C. 78j(b)(1964).
 
 
 3
 The district court heard the testimony of seven witnesses and received in evidence numerous exhibits. It made detailed findings of fact, all of which are amply supported by the record. Most significant for this appeal are findings:
 
 
 4
 (1) as to the two notes, each in the amount of $18,750.00, that there was no agreement or understanding that these were to be paid only out of the proceeds of a public offering of the corporation's stock;
 
 
 5
 (2) that the September 21, 1961 letter which the defendants-appellants call a contract was a letter of intent only;
 
 
 6
 (3) that counsel for the corporation explained to the corporation's president the purpose and effect of a letter of intent and the fact that there was no assurance the contemplated issue would be completed or would be successful;
 
 
 7
 (4) that the proposed underwriters did attempt, by distributing copies of the 'Red Herring' preliminary prospectus, to stimulate interest by brokers and customers in the proposed public offering;
 
 
 8
 (5) that a deterioration of activity had begun to manifest itself with respect to smaller stock issues, as early as February, 1962, that such deterioration continued, and that the May 28, 1962 market break brought about a virtual termination of new issue activity;
 
 
 9
 (6) that there was no evidence to support a finding as to the amount of damages sustained by reason of the expenditures allegedly made in reliance upon the assumption that the public issue would succeed;
 
 
 10
 (7) that there was no device, scheme or artifice to defraud, no misleading or untrue statement of fact, and no act, practice or course of business which would operate as a fraud or deceit upon any person.
 
 
 11
 These findings of fact may not be set aside unless clearly erroneous. Rule 52(a), Fed.R.Civ.P. A review of the record convinces us that far from being clearly erroneous they are clearly correct.
 
 
 12
 In the district court, Judge John Morgan Davis denied plaintiffs' motion for judgment on the pleadings holding that the counterclaim sufficiently alleged a cause of action under Rule 10b-5. M. L. Lee Co. v. American Cardboard and Packaging Corp., 36 F.R.D. 27 (E.D.Pa.1964). That interlocutory decision is not before us and the issue which it discusses has been eliminated by the findings of fact made at the trial by Judge Fullam. Whether or not a misstatement, or even a relied upon but unfulfilled promise made by an underwriter to a prospective issuer in connection with an abortive underwriting, gives rise to civil liability under Rule 10b-5 is an important issue more appropriately decided in a case where such a decision is compelled by the facts. See, e.g., United States v. UAW-CIO, 352 U.S. 567, 590, 77 S.Ct. 529, 1 L.Ed.2d 563 (1957); Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 346, 56 S.Ct. 466, 80 L.Ed . 688 (1936); Denneny v. Siegel, 407 F.2d 433, 439 (3 Cir. 1969); National Chemsearch Corp. v. Bogatin, 349 F.2d 363 (3 Cir. 1965); Forsman v. Pennsylvania Railroad Co., 280 F.2d 315, 319 (3 Cir. 1960).
 
 
 13
 The judgment of the district court will be affirmed.