## Cavanaugh v. U. S. Career Recruiters, Inc.

*David I. Grunfeld,* for plaintiff.
*Jay G. Ochroch,* for defendant.

REIMEL, J., April 30, 1970.—This case is before the court on exceptions of plaintiff to a compulsory non-

suit entered by the court sitting without a jury on October 2, 1969.

At the trial, plaintiff testified he began working for defendant in either the first or second week of July 1966. He also testified that he was told he would receive 50 percent of all moneys brought in as a result of placing people with various employers and that there were no other terms in connection with his employment. Subsequently, some time in September of 1966, he signed a contract which is the subject matter of this suit. This contract provided, inter alia, for the 50 percent commission referred to above and also contained a restrictive covenant forbidding plaintiff from engaging in the same business as that conducted by the employer for a period of nine months after termination of employment. Plaintiff denied ever waiving his rights to certain commissions which form the basis of this suit in exchange for defendant's waiving enforcement of the restrictive covenant. He also denied accepting a reduction of his commission from 50 to 40 percent in exchange for a stock option agreement. He explained that he agreed to accept temporarily a lower percentage of the moneys defendant received to extricate defendant from an allegedly tight financial situation. It is uncontroverted, however, that on January 3, 1967, plaintiff and defendant entered into an agreement giving plaintiff an option to purchase stock of defendant.

The issue before the court concerns the validity of the restrictive covenant in the employment contract between the parties.

Closely connected with the question of the validity of the restrictive covenant is the question of whether the written agreement adds anything to the original oral agreement besides the restrictive covenant. Plaintiff testified at trial that the written agreement gave him no benefits in addition to what the oral

agreement provided. Since plaintiff failed to plead an oral agreement and a compulsory nonsuit was entered, the question arises, may plaintiff move to amend his complaint to allege said oral agreement after a compulsory nonsuit has been entered?

After much consideration, the court must conclude that, having suffered a compulsory nonsuit, plaintiff is precluded from moving to amend the complaint to allege an oral as well as a written contract. This is the proper construction of Pa. R. C. P. 231(b). In Blum v. Ensminger, 80 York 152 (1966), it was held that where the court entered the equivalent of a compulsory nonsuit at the end of plaintiff's case, plaintiff may not attempt to avoid Rule 231(b) by attempting to amend the complaint to state a new cause of action. A complaint cannot be amended after the court has entered a final decree dismissing the action.

In Christie v. Kun, 2 D. & C. 2d 582 (1954), which involved a judicial determination at an earlier stage in the proceedings, namely, entry of judgment on the pleadings, plaintiff was similarly precluded from amending.

Having found that plaintiff is precluded from alleging an oral contract, the court now turns to the question of the validity of the restrictive covenant. Since plaintiff is precluded from alleging a prior oral contract of employment, the court must consider only the written agreement of September 1966, on which suit was brought. Clearly, there is consideration for the covenant not to compete with defendant, namely, the right to receive commissions of 50 percent of all moneys earned by defendant. More importantly, the restrictive covenant was ancillary to the principal transaction and not independent of it: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 629 (1957). Therefore, the restrictive covenant is valid and having violated its provisions, plaintiff may not

recover damages in an action at law. See Krauss v. M. L. Claster & Sons, Inc., 434 Pa. 403 (1969).

### ORDER

And now, April 30, 1970, plaintiff's exceptions to the order of October 2, 1969, entering a compulsory nonsuit are dismissed.