Ross *v.* Houck, Appellant.

Argued October 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Bernard Jubelirer*, for appellant.

*T. Dean Lower*, for appellee.

OPINION BY HIRT, J., November 12, 1957:

The defendant, on April 30, 1949, owned a tract of land in Logan Township fronting on State Highway Route 220, between Tyrone and the City of Altoona, in Blair County. On the land he, for some years had operated a trailer park, a grocery store and a gasoline service station. On the above date he and his wife conveyed the land together with all of the buildings and improvements to the plaintiff and his wife. A bill of sale was also executed by them at the same time transferring title, to plaintiff and his wife by entireties, in all of the merchandise, stock in trade and fixtures in the grocery store and the service station. The total consideration paid was $25,000. Contemporaneously with the delivery of the deed, the defendant and wife, upon good legal consideration, entered into a written agreement with the grantees under the terms of which they agreed that they "will not for the period of five (5) years from the date hereof, [i.e., until after April

30, 1954] enter into any competing business with the parties . . . [plaintiff and his wife] within a radius of three (3) miles of the location of said land and business now being sold . . ." by them.

In December 1952 defendant's son took title to a tract of land fronting on Route 220 about ¼ of a mile south of the plaintiff's land. Since January 1, 1953, this land has been developed and used as a trailer court in competition with the business of the plaintiff. Alleging that title to the land was taken in the name of defendant's son as a subterfuge and that defendant is the actual owner, plaintiff brought this action for damages resulting from the competing business allegedly conducted by the defendant in violation of the restrictive covenant of his agreement. Both the wife of the plaintiff and the wife of the defendant had died prior to the date when this action was brought. The jury found for the plaintiff in the sum of $2,000. This the defendant's appeal, is from the refusal of judgment n.o.v. in his favor and, in the alternative, the refusal of a new trial.

Restrictive covenants, although in restraint of trade are enforceable if reasonable. Restatement, Contracts, §516; *Harris Calorific Co.*, 345 Pa. 464, 29 A. 2d 64. An agreement in restraint of trade which is limited in either space or time is prima facie good. *Sklaroff v. Sklaroff,* 263 Pa. 421, 106 A. 793; *Plunkett Chemical Co. v. Reeve,* 373 Pa. 513, 95 A. 2d 925. The restrictive covenant in the present case was valid because reasonable and the testimony clearly convicts the defendant of a breach of his agreement.

It was defendant's check for $2,000 that supplied the down payment on the purchase of the land, although title was taken in the name of the son, who gave a $4,000 mortgage for the remaining purchase price. Defendant, and not the son, was present at the closing of

the transaction. Defendant gave his check for $525 for the construction of a well on the land; he admitted also that he made a final payment of $468 to a pump company for the same purpose. He admitted also that he paid "some people who had done work on the property." He was frequently on the land and the "trailer park" was laid out in accordance with his instructions and he directed the men on the job in the installation of drains and water mains. Defendant's truck was used by his son from the very first in the development of the court; and it is still being used for "parking trailers" on the land. It was defendant's check for $120 that paid the first instalment of interest due on the purchase money mortgage. Defendant's son, up to March 1953, had worked for the Pennsylvania Railroad. He then quit that job and since he took title to the competing land he has been and still is receiving a salary of $320 per month from the defendant. The jury did not accept defendant's testimony that these payments were for his son's services as a "handy man" in connection with the defendant's other business of selling and servicing trailers. The jury also refused to accept the defendant's testimony that all payments made by him on the purchase and developing of the property were merely advancements to the son and that the son has repaid him in full. On the question of credibility the jury under the evidence were justified in so concluding in both instances.

The most serious dispute goes to the question of damages and their proof. Damages must be proven with all the certainty that the case permits. But in an action, such as this, for damages resulting from the breach of a restrictive covenant, in the very nature of things, absolute or mathematical certainty in the proofs cannot be required. 25 C.J.S. Damages, §162(2). Notwithstanding the obstacles confronting a plaintiff in

the proof of pecuniary loss from the breach of such covenant damages *are* recoverable "to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty": Restatement, Contracts, §331, and Comment 1. Proof of damage with reasonable certainty is all that can be required where one party breaches his contract without legal justification (*Taylor v. Kaufhold,* 368 Pa. 538, 84 A. 2d 347) when the amount cannot be determined with entire accuracy. *Osterling v. Frick et al., Execs.,* 284 Pa. 397, 131 A. 250; *Hahn v. Andrews et ux.,* 182 Pa. Superior Ct. 338, 126 A. 2d 519. Cf. *Western Show Co. v. Mix,* 308 Pa. 215, 162 A. 667.

Under the contract containing the restrictive covenant damages for loss of profits on account of its breach were within the contemplation of the parties. The agreement by its terms provided for a payment of $3,000 by the plaintiff to the defendant as liquidated damages upon certain specified contingencies (which however never occurred). As to the defendant, the restrictive agreement by its very essence implied the payment of damages upon its breach by him. There is evidence which reasonably justified the verdict in this case. In March 1953 when the competing lot was opened for business, fifteen or sixteen trailers were parked there. By November of the same year the number at defendant's court had increased to 23 or 24. During 1953 three trailers were moved from plaintiff's court directly to the lot titled in son-Houck's name. In 1953 there was only one other small trailer court within 40 miles of plaintiff's lot. During that year two other courts came into existence in the area but they too were small. Plaintiff increased the capacity of his court from 26 to 36 trailers in 1953 but he had more vacancies than in the previous year. That plaintiff's gross income from his trailer court rentals in 1953 was slightly more

than in 1952 does not rebut his contention that he was damaged. There was a general upswing of business in the area and a marked increase in the public's use of trailer courts in 1953. Plaintiff unquestionably was damaged by the competition of defendant's business on the lot a few hundred feet away. And it was a fair inference for the jury, under the evidence in its entirety, that a substantial portion of the trailer court business enjoyed by defendant would have inured directly to plaintiff's benefit but for defendant's wrongful competition during the term of the restrictive covenant. Accordingly the jury's finding that plaintiff lost benefits in the amount of $2,000 was justified under the facts.

The remaining questions raised by the appellant do not impel us to disturb the verdict. Plaintiff was obliged to call the defendant's son as his own witness. He was a hostile witness and plaintiff therefore was not bound by his testimony, since the son's credibility was at least doubtful not only because of what the plaintiff said, but in the light of the attending circumstances. *Fetterolf v. Yellow Cab Co.*, 139 Pa. Superior Ct. 463, 11 A. 2d 516. Accordingly plaintiff was within his rights in discrediting the son by other evidence, and the jury properly rejected his testimony as incredible. *Morris v. Guffey & Queen*, 188 Pa. 534, 41 A. 731; *Steffenson v. Lehigh Val. Transit Co.*, 361 Pa. 317, 64 A. 2d 785; Cf. *Burke, Executor v. Kennedy*, 286 Pa. 344, 133 A. 508. The charge of the court may be subject to criticism because it was sketchy on the subject of damages but the instructions were amplified by the reading and the affirmance of plaintiff's points which clearly and correctly stated the principles governing proof of damages. Moreover, the instructions in the general charge were not erroneous and if defendant considered them inadequate it was his duty to ask for more definite instructions. *Hysong v. Kenny*

454

*Transfer Co.,* 304 Pa. 102, 154 A. 922.   This he did not do.

There were no trial errors which called for the grant of a new trial.

Judgment affirmed.