Krauss, Appellant, *v.* M. L. Claster & Sons, Inc.

404

Argued May 2, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John R. Miller,* with him *Miller, Kistler, Lee & Campbell,* for appellant.

*S. Dale Furst, Jr.,* with him *Furst, McCormick, Lynn, Reeder & Nichols,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 28, 1969:

Appellant, who for some time had been an employee, stockholder and officer of appellee, a firm which sells building supplies and materials, terminated his active relationship with appellee in 1966. At this point, appellee and appellant entered into an agreement essentially for the sale of appellant's stock to appellee. The part of the agreement pertinent to this case provided: "4. Seller employee shall remain an employee . . . for a period of five (5) years from March 1, 1966, at a rate of Five Thousand Dollars per year on a monthly basis, and during such time shall render services to Buyer-employer in the nature of consultation and advice, and shall hold himself ready to do so when called upon, and shall in no way compete *directly or indirectly* with Buyer-employer as consultant, advisor, stockholder, manager, officer, director or employee of *any competitor* of Buyer-employer for said five (5) year period in the State of Pennsylvania except businesses, incorporated or unincorporated, confining their sales and operations to Allegheny County, or Philadelphia, Delaware, Chester, Montgomery, and Bucks Counties. . . ."

In February, 1967, appellant became an employee of L. Grossman and Sons, Inc. [hereinafter Grossman] of Braintree, Massachusetts, a company which also is in the building supply business. Grossman has sales outlets in Reading, Berks County, and Scranton, Lackawanna County. The record indicates that Grossman also intends to expand its operations in Pennsylvania, and has expressed considerable interest in buying out appellee's yards. Appellee considered appellant's employment with Grossman to be a breach of the covenant not to compete in the contract, and refused to pay appellant further compensation under the contract. Appellant then brought this suit, and the court, sitting without a jury, found a verdict for appellee. Appellant's motions for a judgment n.o.v. and a new trial were denied, and this appeal followed.

Appellant's first claim is that he has not violated the covenant not to compete. Appellant argues that he is not employed in Pennsylvania, and that, furthermore, Grossman is not competing with appellee in Pennsylvania.[1] As to the first contention, it is clear that the contract does not in any way speak to where appellant works, but simply forbids him to work for anyone who is competing with appellee in Pennsylvania, other than in the excepted counties which the contract enumerates. It is not relevant under the contract that appellant might have acted for Grossman only in a capacity wholly divorced from Grossman's Pennsylvania business, as long as Grossman competed with appellee in a way forbidden by the contract.

---

[1] Appellant rather tangentially has argued that the court below erred in not allowing appellant to testify as to what his understanding of the meaning of the covenant was. We agree with the court below that the contract is by its terms completely unambiguous, and thus the court properly excluded appellant's testimony under the parol evidence rule. See, e.g., *Keyser v. Margolis*, 422 Pa. 553, 223 A. 2d 13 (1966) ; *Lefkowitz v. Hummel Furniture Co.*, 385 Pa. 244, 122 A. 2d 802 (1956).

Although Grossman's direct competition with appellee was limited, the record does indicate that at least a slight overlap in sales area existed. Furthermore, Grossman was anxious to expand its Pennsylvania operations, and was even thinking of moving into appellee's territory by taking over appellee's operation. As appellee points out, under these circumstances, with appellant holding a position of confidence and trust with Grossman, appellant's value as a consultant to appellee was greatly diminished. We believe that the court below correctly concluded that by working for Grossman, appellant was "directly or indirectly" competing with appellee.

Appellant next argues that even if his actions violated the covenant not to compete, that covenant is so broad as to be unreasonable and is thus incapable of enforcement. Although as a general rule, covenants not to compete are unenforceable if overly broad in time, territory, or protection or if they create an unreasonable hardship, see, e.g., *Jacobson & Co. v. Int. Environment Corp.*, 427 Pa. 439, 235 A. 2d 612 (1967); *Morgan's Home Equip. Corp. v. Martucci*, 390 Pa. 618, 136 A. 2d 838 (1957); Restatement, Contracts, §516(f) (1932), those rules are equitable in nature. Their rationale is that overly broad covenants not to compete deprive a man of his opportunity to make a living, and are thus unreasonable and as a result unenforceable in equity. This however is not an equitable action. Appellee has merely raised appellant's breach of the covenant as a legal defense to appellant's action in assumpsit. We need not pass on whether the covenant in the case before us is too harsh to be enforced in equity. Harsh though it may be, it was entered into by appellant with his eyes open, and there is nothing in the record to indicate that it was not part of a completely arms-length bargain between knowing and willing parties. Appellant must now live with the

bargain which he struck, just as he would have to live with any other unadvantageous term that was used against him in a contract action at law.

Appellant cites *Ross v. Houck,* 184 Pa. Superior Ct. 448, 136 A. 2d 160 (1957) as supporting his position. In *Ross,* plaintiff brought an action for damages based on the violation of a covenant not to compete. The Superior Court, in upholding the covenant, indicated that it was using the same standard of reasonableness as it would in an equity case. Although this statement is technically dictum, we cannot approve it in any case. In an action at law, the reasonableness of any given contractual term simply is not relevant.[2]

The judgment of the Court of Common Pleas of Centre County is affirmed.

Mr. Justice COHEN dissents.

---

[2] Of course in a case like *Ross,* although the terms of the covenant may have been broad, damages would be collectable only as to the harm inflicted by the actual breach. Likewise in the case before us, had appellant's conduct been completely unrelated to appellee's business, it would be open to appellant to argue that because appellee had in no way been damaged, it could not escape its part of the bargain. That issue is not before us in this case, however, and we do not pass on it. Here appellant has simply argued as he would in an equitable action, that the covenant is completely *unenforceable* because it was *drawn* in an overly broad way.