## Bell v. Worthington

*Curtis Wright,* for plaintiff,
*Daniel T. Deane,* for defendant.

HONEYMAN, J., November 16, 1970.—This is an action in assumpsit in which plaintiff H. Craig Bell, M. D., seeks a money judgment in the amount of $20,000 plus interest at six percent from August 1, 1968, against John J. Worthington, M.D. The action grows out of an employment contract entered into between plaintiff and defendant. Plaintiff alleges that defendant

has violated a term of the contract which, in effect, is a restrictive covenant prohibiting defendant from conducting the practice of medicine within a 25-mile radius from Abington, Montgomery County, Pa., or Woodbury, Gloucester County, N. J., for a period of two years.

Plaintiff, after filing a brief and making an oral argument before the court en banc, has moved for summary judgment under Pennsylvania Rule of Civil Procedure 1035(a) based on the pleadings, depositions, affidavits and the law. Such judgment may be granted only in the clearest of cases: Kotwasinski v. Rasner, 436 Pa. 32 (1969). Defendant does not deny the formation of the contract nor the acts comprising its breach. Defendant has, however, interposed a defense based on the unreasonableness of the restrictive covenant. Such defense being equitable in nature is inappropriately raised in an action of assumpsit. The recent case of Krauss v. M. L. Claster & Sons, Inc., 434 Pa. 403 (1969), points out that where a defendant in an action of assumpsit raises plaintiff's breach of a covenant not to compete as a legal defense to plaintiff's claim, it is not relevant that the covenant was so broad as to be unreasonable. The court in Krauss, at page 407, states:

". . . This however is not an equitable action. Appellee has merely raised appellant's breach of the covenant as a legal defense to appellant's action in assumpsit. We need not pass on whether the covenant in the case before us is too harsh to be enforced in equity. . . "

The thrust of the Krauss opinion is to eliminate the raising of an equitable defense, such as unreasonableness of a restrictive covenant, in an assumpsit action.

Such defense being unavailable to defendant, there remains no outstanding impediment to a finding of defendant's liability, and plaintiff is entitled to judgment thereon.

As to the question of damages however, no such clear right is present. The restrictive covenant clause, which forms the basis for the breach, contains a liquidated sum of $20,000 to be paid in event of breach. There is a fine line of distinction between designating this sum as liquidated damages or penalty. In P.L.E. Damages §98, this distinction is drawn.

"Where a contract has been made not to engage in any particular profession or business within stated limits, it has been the practice of the courts in this state to construe such an agreement as for liquidated damages rather than as for a penalty, in the absence of any evidence to show that the amount of the damages claimed is unjust or oppressive, or that the amount claimed is disproportionate to the damages that would result from the breach. . . . However, if the provision was inserted for the purpose of preventing a breach of contract and of penalizing the party so doing, instead of specifying a sum which the parties in good faith agreed upon as representing the damages which would ensue from a breach, it is to be regarded as imposing a penalty."

See also Restatement, Contracts §339.

Clearly, plaintiff's right to the stated sum of $20,000 is not absolute. Defendant should have the opportunity to prove an amount less than that required by the contract or to indicate wherein the $20,000 is a penalty and not liquidated damages. As the court pointed out in Krauss in a footnote on page 408 of that opinion, ". . . although the terms of the covenant may have been broad damages would be collectable only as to the harm actually inflicted . . ." It may well be that plaintiff could show an even greater amount of damages than that stated in the contract. The point remains, however, that this court cannot arbitrarily decide that the $20,000 called for in the contract is the fair and rea-

sonable amount of damages warranted by defendant's breach. As to the issue of damages, the motion for summary judgment must be refused.

## ORDER

And now, November 16, 1970, plaintiff's motion for summary judgment is granted as to defendant's liability under this contract and refused as to the issue of the damages. The court administrator shall list this case for assessment of damages upon praecipe being filed.