**Bernice L. CARPEL**
**and**
**Alan S. Carpel,**
v.
**SAGET STUDIOS, INC.**
**Civ. A. No. 43376.**

United States District Court,
E. D. Pennsylvania.
April 30, 1971.

Neil H. Stein, I. Raymond Kremer, Kremer, Krimsky & Luterman, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

VAN ARTSDALEN, District Judge.

This is a motion for summary judgment by defendant, Saget Studios, Inc., who contends that as a matter of law the plaintiffs' breach of contract claim could not result in damages of $10,000 and, thus, this suit is not within the monetary jurisdictional limits of the federal court. This motion is granted.

The plaintiffs allege in their complaint that the defendant contracted with them to take black and white photographs of their wedding for $110 but that those photographs were never delivered because of the negligence and carelessness of the defendant. The plaintiffs contend that the damages should include the present cost to restage the wedding and to photograph it, loss of sentimental value by the defendant's failure to perform at the time of the actual wedding, emotional distress caused by the defendant's failure to perform at that time and punitive damages. The defendant contends that such measure of damages is erroneous and that the application of the correct measure of damages could not yield a verdict of $10,000.00.

The general statutory provision governing the federal district court's jurisdiction over the subject matter in diversity actions states in part that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs * * *" 28 U.S.C.A. § 1332 (1966). While the plaintiff has the burden of alleging the jurisdictional amount, the rule is that the sum claimed by the plaintiff would control the determination of jurisdictional amount, if the claim is made in good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–290, 58 S.Ct. 586, 82 L.Ed. 845 (1938); cited in Wade v. Rogala, 270 F. 2d 280, 284 (3rd Cir. 1959). See Wright

on Federal Courts, § 33 (2nd ed. 1970). For the court to dismiss an action based on plaintiffs' failure to meet the jurisdictional amount of $10,000 "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount * * *." *Id.* The issue here is whether the theories of damage espoused by the plaintiffs could as a matter of law yield damages of $10,000.00.

In order to correctly determine the measure of damages, the nature of the action must first be determined. While plaintiffs have provided the court with a mixture of tort and contract theories, they are bound to proceed on a breach of contract theory. In their pre-trial memorandum they stated their theory of liability: "Defendant entered into contract to deliver certain photographs, but failed to make delivery. Liability—Breach of Contract." The plaintiffs also contend in their trial brief, that their theory of recovery is based upon breach of contract. In addition, the plaintiff, Alan S. Carpel, at pages 18 and 19 of his deposition, stated that his claim was based on defendant's breach of its agreement to take pictures of his wedding and that his action was limited to that breach of agreement.

 The Uniform Commercial Code, Pa.Stat. tit. 12A (1970), controls the measure of damages for this breach of contract since the sale of photographs would be a sale of goods within Section 2–105. The only section of the Code applicable to the facts of this case is Section 2–715, Pa.Stat. tit. 12A (1970), which provides that the buyer of goods is entitled to both incidental and consequential damages for the seller's breach of contract. While consequential damages are normally only available to a plaintiff when they are ascertainable to a reasonable certainty, the Code is more lenient in cases where the market value is not available as a guideline. However, " * * * damages which are wholly speculative in amount and incapable of reasonable ascertainment are not allowed." 2 Anderson on the Uniform Commercial Code, § 2–715:8, p. 470

(1971) (see § 2–715:9). This prohibition of wholly speculative damages is also supported by the common law of Pennsylvania which is retained by the Commercial Code as authoritative where not expressly superseded by it. Pa.Stat. tit. 12A, § 1–103 (1970).

The controlling common law of Pennsylvania is Section 331 of the Restatement of Contracts (1932).

> "(1) Damages are recoverable for losses caused or for profits and other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." Cited in Keystone Diesel Engine Co., Inc. v. Irwin, 411 Pa. 222, 191 A.2d 376 (1963); Taylor v. Kaufhold, 368 Pa. 538, 546, 84 A.2d 347 (1951); Ross v. Houck, 184 Pa.Super. 448, 452, 136 A.2d 160 (1957).

The question here is the amount of damages that can be established with reasonable certainty under the facts of this case. Since there is neither a market value for photographs of this kind nor a replacement value, the only arguable cost related measure of damages would be the estimated cost of restaging the wedding and taking photographs. However, the plaintiffs cite no authority for awarding damages based on the cost of restaging the wedding, and even if such authority was available by plaintiffs' own statement they admit that the cost of doing so would not reach $10,000.00.

 The alleged lost sentimental value of the pictures is so highly speculative that it is not a proper element of damages for consideration by the jury. There are no guidelines available to aid the jury in determining a dollar value for this loss. The plaintiffs have argued that under these circumstances, where the value of the property is primarily sentimental, the jury should determine the value of the property to the plaintiffs. In support of this position, he has cited very little authority dealing with contract damages under Pennsylvania law. In those few cases which were cit-

ed, the problem before the court was the evaluation of property which having been in existence was later destroyed. Since in this case the photographs never came into existence, there is the additional question of whether they would have had any sentimental value at all. Thus, this court in applying the general rule of the Restatement of Contracts will not permit sentimental value to be considered as a measure of damages because it is too speculative.

■ The mental suffering alleged by plaintiffs does not constitute a proper element of damages under Pennsylvania law. Section 341 of the Restatement of Contracts as adopted by Pennsylvania states:

"In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss." Cited in Emerman et ux. v. Baldwin et al., 186 Pa.Super. 561, 572, 142 A.2d 440 (1958).

Comment 2 of Section 341 clearly indicates that mental suffering would not be an element of damages in a case such as this one where the breach was allegedly caused by negligent or careless conduct.

"A contracts with B, a cremation society, for the cremation of the body of A's child, B promising to preserve the ashes and deliver them to A on request. The body is cremated by B, but the ashes are lost, because the label on the urn in which they were preserved falls off and identification is impossible. B's breach of contract was not wilful. A cannot get judgment for damages for his mental suffering."

■■ Plaintiffs' claim for punitive damages in this contract action also must be rejected. Section 342 of the Restatement of Contracts is clear in its position that "[p]unitive damages are not recoverable for breach of contract." Cited in Local 127, United Shoe Workers of America, AFL–CIO v. Brooks Shoe Mfg. Co., 298 F.2d 277, 282, 282 n. 2 (3rd Cir. 1962); see Pitts. C. & St. L. Ry. Co. v. Lyon, 123 Pa. 140, 150, 16 A. 607 (1889). In addition plaintiffs only allege negligence and carelessness on the part of defendants and thus the level of misconduct alleged does not warrant punitive damages even if they were generally available.

In summation, the only theory of damages which is, arguendo, available to plaintiffs is consequential damages equal to the cost of reproducing and rephotographing the wedding. In this case these costs, as indicated by the plaintiffs, could not reach the jurisdictional amount of $10,000 required for this court to have jurisdiction and any claim that it could do so would be clearly in bad faith.[1] In addition, any contention that plaintiffs would be entitled to damages in excess of $10,000 emanating from a contract valued at $110 is inherently excessive. Summary judgment is, therefore, granted and this case is dismissed for lack of jurisdiction.

1. The plaintiffs, pursuant to a court request, in a letter to the defendant, dated February 25, 1971, outlined their estimated cost for restaging the wedding based on original cost. This amount was $3,244.00 plus cleaning costs of $480.00. Even taking into consideration inflation, the cost of restaging could not equal $10,000.00. In addition, damages would be reduced because the plaintiffs admitted during their depositions that they received ten color photographs of the wedding which were taken during the actual service and which were given to them without charge by the defendant because the black and white pictures had not turned out. In addition the defendant gave the plaintiffs two black and white portraits without charge which were taken at a subsequent posing. See the deposition of Bernice L. Carpel at pp. 20, 27–29, and the deposition of Alan S. Carpel at pp. 24, 25 and 30, 31.