335 So.2d 335 (1976)
LAKE WALES PUBLISHING COMPANY, INC., Appellant,
v.
FLORIDA VISITOR, INC., et al., Appellees.
No. 75-1733.
District Court of Appeal of Florida, Second District.
July 14, 1976.
Ira A. Serebrin, Lakeland, for appellant.
Ted A. Lasseigne, Haines City, for appellees.
SCHEB, Judge.
This case concerns a contract entered into by the plaintiff/appellant in 1971 to compile, edit and publish certain pamphlets and other printed materials for the defendants/appellees. The issue is whether the contract was subject to the three-year statute of limitations governing unwritten contracts (F.S. § 95.11(5)(e) (1973)), or the four-year statute under the Uniform Commercial Code (F.S. § 672.2-725 (1973)), effectively transferred to Fla. Stat. § 95.11(3)(k) (1975) as of January 1, 1975.[1]
Appellant filed suit on January 15, 1975. The trial court dismissed the appellant's second amended complaint with prejudice on grounds that its action was barred by the three-year statute of limitations in Fla. Stat. § 95.11(5)(e) (1973). This appeal ensued. We reverse.
If the 1971 contract was for the sale of "goods," then appellant which filed suit on January 15, 1975, was entitled to the benefit of the four-year U.C.C. statute effectively continued by § 95.11(3)(k) (1975), since the U.C.C. limitation period generally *336 prevails over that contained in a general statute of limitations. See Official Comment to U.C.C. § 2-725.
We focus then on whether the printed materials which appellant allegedly furnished to appellee were "goods" under the U.C.C., Fla. Stat. § 672.2-105(1), which defines "goods" as:
"... all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (chapter 678) and things in action."
The specific point has not been passed on by the Florida courts; however, the Official Comment to U.C.C. § 2-105 states that the definition of goods is based upon the concept of their movability. The items allegedly furnished by the appellant were specially produced or manufactured and were movable. Moreover, any services rendered were of necessity directed to production of the items.
While there is a paucity of cases construing the definition of "goods" under the U.C.C., the instant case is somewhat analogous to the situation in Carpel v. Saget Studios, Inc., E.D.Pa. 1971, 326 F. Supp. 1331. There, an action for breach of contract was filed against a photographer for his failure to take pictures of the plaintiff's wedding. In determining the correct measure of damages, the court held that the contract breached by the defendant was one for the sale of "goods."
We conclude that production of printed pamphlets and related materials are goods within the meaning of U.C.C. and that appellant's action was therefore governed by the four-year statute of limitations.
Accordingly, the order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and GRIMES, J., concur.
NOTES
[1] The 1975 statute made a four-year limitations period applicable to all contracts, and Fla. Stat. § 672.2-725 was repealed as superfluous.