Lisa M. BOWSER, Appellant,

v.

Johannes V. BLOM, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 17, 2000.
Filed Jan. 3, 2001.

Joanne R. Wilder, Pittsburgh, for appellant.

Karen Hassinger, Washington, for appellee.

Before CAVANAUGH, EAKIN and TAMILIA, JJ.

EAKIN, J.:

¶ 1 Lisa M. Bowser appeals from the order setting the amount of child support to be paid by Johannes V. Blom. We affirm.

¶ 2 On July 17, 1998, Ms. Bowser filed a complaint to establish paternity and obtain support for the parties' daughter; the parties never married. This action was given a docket number of 776 DR 98. Major Blom, a major in the army, acknowledged paternity and the parties entered a private agreement for support; both were represented by counsel. The complaint was dismissed September 29, 1998, after both parties failed to appear for the scheduled hearing. Neither party appealed that dismissal.

¶ 3 On December 22, 1999, Major Blom petitioned the court to open a new support case, believing Ms. Bowser breached the private support agreement. On January 4, 2000, Ms. Bowser filed a new complaint for support, which was docketed at 8 DR 2000, seeking child support and counsel fees. The hearing officer calculated child support to be $800 per month, but declined to recommend an award of counsel fees. Both parties filed exceptions; on April 13, 2000, the trial court affirmed the determination of the hearing officer. This order and all proceedings were captioned with the 1998 docket number, the court having ordered that case "reopened."

¶ 4 In this appeal, Ms. Bowser challenges the failure to make the award retroactive to the original 1998 date of filing, and the failure to award counsel fees pursuant to 23 Pa.C.S. § 4351.

¶ 5 When reviewing support matters, this Court must determine whether the trial court abused its discretion. *Zullo v. Zullo*, 531 Pa. 377, 613 A.2d 544, 545 (1992). We may find an abuse of discretion only upon "proof of more than a mere error in judgment." *Simmons v. Simmons*, 723 A.2d 221, 222 (Pa.Super.1998). Instead, such a finding requires clear and convincing evidence "that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." *Id.* A support award must be "fair, non-confiscatory and attendant to the circumstances of the parties." *Calabrese v.*

*Calabrese,* 452 Pa.Super. 497, 682 A.2d 393, 396 (1996) (citation omitted).

¶ 6 Generally, "[a]n order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." Pa.R.C.P.1910.17(a). A trial court is required to state the rationale for its decision not to make a support award retroactive to the date on which the complaint was filed. *Gerland v. Gerland,* 703 A.2d 70, 74 (Pa.Super.1997).

¶ 7 The trial court made the order effective January 4, 2000, because that was the date of Ms. Bowser's second complaint. Trial Court Opinion, 6/13/00, at 2. Although the case was "reopened" under the prior docket number, the court specifically noted the July 17, 1998 complaint was dismissed. *Id.,* at 1. Docket numbers are valuable things, but docketing expedience need not blind the court to the real history of the case; merely "reopening" this docket number did not revive the dismissed complaint.[1]

¶ 8 The initial support action was dismissed; no appeal was taken from the dismissal. Major Blom then provided child support voluntarily, without a court order, until the new complaint was filed. To make the current order retroactive, to a date preceding the complaint's dismissal as Ms. Bowser asks, would penalize Major Blom for faithfully complying with his obligation. He supported his child under a legitimate agreement; we cannot allow Ms. Bowser to accrue concurrent support to be claimed whenever she chose to file a complaint in the future. As in *Swank v. Swank,* 266 Pa.Super. 94, 403 A.2d 109 (1979), "in the absence of any other compelling reasons having been presented, we cannot find [the trial] court abused its discretion in refusing to extend retroactivity beyond [the date of the second complaint]." *Id.,* at 111. We likewise find no abuse of discretion in treating this case as was done by the learned trial court.

¶ 9 Next, Ms. Bowser alleges the trial court erred in failing to award counsel fees. Under 23 Pa.C.S. § 4351, an obligee who prevails in a proceeding to determine paternity or obtain a support order may be awarded counsel fees and other expenses. 23 Pa.C.S. § 4351(a). A court may also assess fees if there is a failure to pay child support on time without good cause. 23 Pa.C.S. § 4351(b).

¶ 10 "[T]his Court will not reverse the trial court on its decision to award counsel fees absent an abuse of discretion." *O'Connell v. O'Connell,* 409 Pa.Super. 25, 597 A.2d 643, 647 (1991) (citation omitted). In *O'Connell,* the failure to pay support on time was not found to be willful, and an award of counsel fees under 23 Pa.C.S. § 4351(b) was reversed. However, we are not faced with expenses incurred to enforce an existing order against unreasonable tardiness or bad faith under subsection (b); we are dealing with fees incurred "to establish paternity or to obtain a support order" under subsection (a). We find no caselaw interpreting this counsel fees provision.

¶ 11 Ms. Bowser urges us to interpret this section to allow fees whenever there is an ability to pay by the obligor and a need on the part of the obligee. When considered only in the context of a needy parent seeking the means to obtain reasonable support for a child, this interpretation has a poignant appeal; of course the statute's coverage goes far beyond this stereotypical situation, and our examination must go further as well.

¶ 12 Awards of counsel fees are normally found in two situations. Stated overbroadly, one is the economic "leveling" concept, which uses a need/ability to pay analysis;

---

1. In her brief, Ms. Bowser argues that as she never signed the second complaint, it is not valid. One must be careful what one wishes for, because we fail to find her 1998 complaint in the record; we find only the January 4, 2000 complaint. While the latter does not bear her signature, it is the only complaint we have. If Ms. Bowser's argument were correct, the record shows us no valid complaint at all, and no award is in order at all; in fact, both her issues would be moot. We decline to impose this drastic consequence on the child.

typical of this is alimony *pendente lite*, where the goal is to put parties on equal economic footing. The other, more punitive provisions for counsel fees are based on inappropriate conduct by a party, such as is defined in the Judicial Code.

¶ 13 Ms. Bowser notes Section 4351 does not adopt language found in the Judicial Code, which allows counsel fees for dilatory, vexatious and obdurate conduct; as it does not, one may conclude the legislature intended to apply a different criterion. Subsection (b) requires a finding of the lack of good cause; subsection (a) does not. From this, we conclude an obligee may be awarded fees under subsection (a) even if there is no bad faith conduct by obligor.

¶ 14 However, the same logic suggests a criterion other than a mere need/ability to pay determination, for that standard is itself the basis for an award of fees in a "proper case" elsewhere in domestic relations law. That the legislature did not mirror the language of any preexisting standard indicates that none of these recognized devices was meant to be the applicable yardstick for Section 4351(a).

¶ 15 What subsection (a) does require is that the obligee "prevail," a term that bespeaks an adversarial posture on the ultimate issue, such as generates legal expense for the obligee. It also makes the award one that can only be entered post-order, for one cannot prevail before that time. As such, this provision cannot be intended as a mere economic leveling measure like an alimony *pendente lite* situation. It is also telling that this subsection allows a court to award expenses beyond counsel fees, such as witness costs, which would only arise in a contested setting. Indeed, the tone of subsection (a) and its coupling with (b) make it closer in concept and execution to a more punitive statute than to a leveling award.

¶ 16 Is an award called for in every case where an order of support results? We do not think so. If there is no denial of paternity or support, obligee hardly can be said to "prevail" in the proceedings simply by being the obligee. When parties agree support is due, but disagree on the amount, does the obligee prevail if the court accepts the obligor's offer, or must the demand become the order for the obligee to prevail? If there is a compromise or a settlement, which party has prevailed?

¶ 17 When addressing these questions, we see that too broad an interpretation will encourage litigation in an area of the law where settlement must be encouraged. An award of fees cannot be deemed as simply a penalty, but it may properly serve to dissuade the party, obligor or obligee, who acts unreasonably, someone who should resolve the matter but does not. When the unwarranted posture of an obligor causes a prevailing obligee expense, litigation would be discouraged if such conduct triggered an award under subsection (a). However, the posture of an obligee may be just as unwarranted, and this statute cannot force the potential obligor to accept an unreasonable demand on pain of being assessed the obligee's counsel fees; agreement would be discouraged if the mere entry of an order triggered such an assessment. To award fees under subsection (a) just because an order results would penalize a parent whose cooperation and ongoing support of a child were antithetical to the need for significant legal expense in the first place.

¶ 18 We simply cannot intuit from this section an intent to allow counsel fees for the "prevailing" obligee, simply because an order results. What then allows an award under subsection (a)? We believe it must be conduct by the obligor that the court finds to unreasonably impede the determination of paternity or the timely flow of appropriate support to the child.

¶ 19 This construction is buttressed by the present facts. In one sense, the obligee may be deemed to have "prevailed" in this action, for there is now an order of support; equitably, however, it is the obligor who prevailed, for his obligation is set and his duties are as he wished them to be all along. Major Blom always acknowl-

edged paternity; the first action was only filed to formalize paternity, thus ensuring military benefits for the child. Major Blom never denied paternity, and paid faithfully, order or no order. A dispute arose when Ms. Bowser also pursued his military allotment, which he understandably saw as a "double-dip"; only then did the action recommence in court. Even there, he was the one who instituted the matter by asking for an order. He has always cooperated, and the amount of the final order, the sufficiency of which is not challenged, is consistent with the amount he has faithfully paid from the time of the child's birth.

¶ 20 The record here does not show late payment or non-support by Major Blom. In fact, it is replete with evidence of the contrary, including photographs of cancelled checks and copious evidence of payment for baby items, from May, 1997, through October, 1999. The amounts of these payments are substantial, and sometimes exceeded $1,600 per month. The hearing officer stated in his findings there was "no undue delay caused by [Major Blom] which [ ] makes an award of counsel fees inappropriate under the circumstances of this case." Report of the Hearing Officer, at 5.

¶ 21 Counsel fees necessitated by an obstinate obligor who unreasonably impedes the determination of paternity or the appropriate support of the child may be awarded in the fair discretion of the trial court. As the obligee must prevail, the reasonableness of the conduct of obligor may be determined with hindsight, after the entry of an order. Recalling that the lack of good faith is an element of subsection (b) but absent in (a), fees may be awarded on a finding of less than bad faith; however, there still must be conduct which, in the discretion of the trial court, is not reasonable and warranted under all the circumstances.

¶ 22 Accordingly, we find the learned trial court did not abuse its discretion in affirming the denial of an award of attorney fees in this case.[2]

¶ 23 Order affirmed.

¶ 24 CAVANAUGH, J. concurs in the result.

---

2. Major Blom's application for counsel fees and sanctions, alleging this appeal is frivolous, filed in bad faith, dilatory, vexatious and obdurate, is denied. While we cannot agree with Ms. Bowser's arguments, neither do we find them to be of the nature alleged. Ms. Bowser's application to quash his application is denied as well.