**Jeffrey MROZEK and Brian Mrozek, individually and d/b/a Disaster Specialists,**

v.

**David T. EITER, an individual, and Three Rivers Grading and Contracting, Inc., d/b/a Purofirst of Three Rivers, a Pennsylvania Corporation.**

**Appeal of David T. Eiter, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 2002.
Filed July 26, 2002.

Casey Bowes, Pittsburgh, for appellant.

John Grac, Pittsburgh, for appellee.

Before: HUDOCK, TODD, and KELLY, JJ.

TODD, J.

¶ 1 David T. Eiter appeals the judgment requiring him to pay counsel fees incurred by his former employers, Jeffrey Mrozek and Brian Mrozek, individually, and as partners doing business as Disaster Specialists (collectively "Disaster Specialists"), in their suit against Eiter to enforce a noncompete clause in his employment agreement with Disaster Specialists.[1]

---

1. We note that Eiter initially filed his appeal from the trial court's order of May 3, 2001 denying his post-verdict motion and prior to the entry of judgment on the verdict. The entry of judgment is a prerequisite to this Court's exercise of jurisdiction. *See Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 441 Pa.Super. 281, 289, 657 A.2d 511, 515 (1995).

This appeal concerns whether a counsel fees provision in a noncompete clause may be enforced in equity where the covenant as originally drafted arguably was breached, but where the covenant as reformed in equity, was not breached. For the reasons that follow, we hold that the counsel fees clause may not be enforced and, accordingly, we reverse.

¶ 2 The issue of the enforceability of the noncompete provision was previously before this Court. *See Mrozek v. Eiter,* No 1283 WDA 1999, unpublished memorandum, 759 A.2d 31 (Pa.Super. filed May 15, 2000) (hereinafter *"Mrozek I"*). At that time, we set forth the following factual background:

> Disaster Specialists, located in Greensburg, Pennsylvania, is an insurance restoration contractor, renovating residential and commercial properties damaged by smoke, fire, or water to their original condition. The business is operated by its two partner-brothers, Jeffrey Mrozek and Brian Mrozek. Generally through relationships with insurance companies and their adjusters and agents, Disaster Specialists is called upon to estimate the cost to renovate damaged property and then, if selected, to perform the renovations.
>
> Eiter applied for a job as assistant general manager at Disaster Specialists. His previous experience included marketing, estimating, and coordinating insurance restorations. He was hired by Disaster Specialists on or before April 25, 1996. On May 1, 1996, he signed a document entitled "Operating Rules of Disaster Specialists," which contained a noncompete covenant. The terms of the

> covenant prohibited Eiter, after leaving Disaster Specialists, from working for a competitor for two years within a 100–mile radius of Disaster Specialists' office in Greensburg, Pennsylvania. Within six months after he was hired, Eiter was promoted to general manager.
>
> On October 9, 1998, Eiter terminated his employment with Disaster Specialists and went to work for Three Rivers Grading and Contracting, Inc. d/b/a Purofirst ("Purofirst"). Purofirst is also an insurance restoration contractor located in McCandless Township in the northern suburbs of Pittsburgh.
>
> Disaster Specialists brought suit seeking to enforce the covenant and requesting that Eiter be enjoined from working for Purofirst. Its complaint included a cause of action against Purofirst for intentional interference with contract. The trial court granted a temporary injunction, and a trial on Disaster Specialists' motion for preliminary injunction was held on December 11 and 14, 1998. By stipulation, this trial was treated as the final trial on injunctive relief.
>
> On February 4, 1999, the trial court held that the covenant was overbroad, dissolved its prior temporary injunction, but enjoined Eiter from contacting or developing any relationship with any insurance company customers of Disaster Specialists. The court also reduced the two year term of the covenant, enjoining Eiter for nine months, and dismissed the intentional interference with contract claim against Purofirst.

*Id.* at 1–4 (footnotes omitted). Following Eiter's first appeal, we affirmed the trial court's decision to reform the noncompete

---

However, following correspondence from this Court's Central Legal Staff regarding this deficiency, on June 22, 2001 Eiter caused judgment to be entered. Since entry of final judg-

ment during the pendency of an appeal is sufficient to perfect our jurisdiction, *see id.* at 286, 657 A.2d at 513, we will address the appeal on its merits.

covenant by enjoining only customer solicitation; however, we determined that the injunction term should be for two years as provided by the covenant, not nine months, as ordered by the trial court, and remanded for entry of a modified injunction. *Id.* at 10, 12.

¶ 3 Now, following remand, comes the question of counsel fees. In the trial court, Disaster Specialists asserted a claim for counsel fees based on the following provision in the noncompete clause of the employment agreement:

> Employee acknowledges that any breach of any obligation contained in this agreement is not adequately compensable by money damages, and employee agrees that any such breach shall cause the company irreparable injury for which the company shall be entitled to a preliminary injunction and temporary restraining order. ***In any action concerning an alleged breach by employee of any obligation in this agreement, irrespective of the requested remedy, the company shall be entitled to reasonable counsel fees and costs of suit from the employee.***

("Operating Rules of Disaster Specialists" signed by Eiter on 5/1/96, Exhibit A to Complaint, at 5 (emphasis added).) Pursuant to this clause, and following an evidentiary hearing on December 13, 2000, the trial court awarded Disaster Specialists $30,384.13 in counsel fees. Eiter filed post-trial motions which were denied and this timely appeal followed.

¶ 4 On appeal, Eiter presents the following issues for our review:

1. Whether the Trial Court committed an abuse of discretion or error of law in finding that plaintiffs were the prevailing party in this litigation entitling them to recover attorney's fees and costs from defendant David T. Eiter?

2. Whether the Trial Court committed an abuse of discretion or error of law in finding that the attorney's fees incurred by plaintiffs in this litigation were not unnecessary and unreasonable?

3. Whether the Trial Court committed an abuse of discretion or error of law in finding that the attorney fee provision of the noncompete clause is [enforceable]?

4. Whether the Trial Court committed an abuse of discretion or error of law in finding that there is [sufficient] evidence to support an award of attorney's fees to plaintiffs?

(Brief for Appellant, at 4.)

¶ 5 Our standard of review with respect to the action of a chancellor in equity is limited. *Thermo–Guard, Inc. v. Cochran,* 408 Pa.Super. 54, 63, 596 A.2d 188, 193 (1991). We will reverse only where the trial court was "palpably erroneous, misapplied the law or committed a manifest abuse of discretion." *Id.* Where there are any apparently reasonable grounds for the trial court's decision, we must affirm it. *Id.*

¶ 6 The so-called "American rule" provides that parties to litigation are responsible for their own counsel fees "unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception." *Hart v. O'Malley,* 781 A.2d 1211, 1216 (Pa.Super.2001); *see also Merlino v. Delaware County,* 556 Pa. 422, 425, 728 A.2d 949, 951 (1999). Here, the noncompete clause contained an express provision providing for counsel fees.

¶ 7 Nonetheless, Eiter asserts that Disaster Specialists is not entitled to counsel fees because there was no finding that he ever breached the agreement. The

noncompete provision, had it been enforced as written, arguably was breached when Eiter went to work for a competitor of Disaster Specialists, namely Purofirst. However, the trial court found, and this Court affirmed, that the provision was overbroad, and, as a result, enjoined only the solicitation by Eiter of Disaster Specialists' customers, who are primarily insurance adjusters and agents. *See Mrozek I.* Eiter testified that, prior to its suit, he informed Disaster Specialists that he would not solicit its customers (N.T. Trial, 12/13/00, at 70), and the trial court specifically found that Purofirst did not ask for, and Eiter did not provide, the names of adjusters Eiter dealt with in his position at Disaster Specialists. (Findings of Fact, Discussion, Conclusions of Law and Order, 2/4/98, at 13.) Indeed, the trial court made no explicit findings that the covenant was ever breached, although the court asserts following remand that, given that relief was granted, a breach may be presumed. The court reasoned as follows:

In opting to order more narrow relief than that requested by Disaster Specialists, this Court was simply tailoring the remedy it was willing to provide. By no means did this Court's order constitute a finding that the underlying claim was in any way infirm. As crafted in the Complaint, Disaster Specialists' claim was for breach of contract, specifically the breach of the non-competition clause. Clearly, because the Court issued relief in some form, Disaster Specialists was successful in proving the elements of breach of contract. Although the equitable remedy fashioned by this Court did not reflect precisely what Disaster Specialists was seeking in the Complaint, relief nevertheless was imposed. The non-solicitation order was based upon Disaster Specialists' establishment of a valid contract and the breach of that contract by Eiter. Tellingly, Disaster

Specialists' position as the prevailing party in this matter is bolstered by the fact that, on appeal, the Superior Court upheld the time period for the non-competition provision set forth in the Agreement.

(Trial Court Opinion and Order, 5/3/01, at 5.)

¶ 8 The problem with this reasoning is that, while the agreement may have been breached as originally written, there is no support in the record, and certainly no finding of fact, that the agreement was breached *as reformed* by the trial court. We find this to be an important distinction, as this case was brought in equity. Disaster Specialists would have been entitled to damages, including counsel fees, regardless of the reasonableness of the covenant, had this case been brought as an action at law, or as a defense thereto. *See Krauss v. M.L. Claster & Sons,* 434 Pa. 403, 407–08, 254 A.2d 1, 3 (1969) (harshness of covenant not at issue when breach of covenant raised as a legal defense in an action at law); *Boyce v. Smith–Edwards–Dunlap Co.,* 398 Pa.Super. 345, 355–56, 580 A.2d 1382, 1386–87 (1990) (same).

¶ 9 However, as we stated in Mrozek I, we enforce restrictive covenants "only so far as reasonably necessary for the protection of the employer." *Mrozek I* at 5 (quoting *Sidco Paper Co. v. Aaron,* 465 Pa. 586, 594–95, 351 A.2d 250, 254 (1976)). Overbroad covenants are unenforceable, *Krauss,* 434 Pa. at 407, 254 A.2d at 3, and "a court of equity may grant enforcement limited to those portions of the restrictions which are reasonably necessary for the protection of the employer." *See Mrozek I* at 5–6 (citing *Sidco Paper,* 465 Pa. at 595, 351 A.2d at 254). We conclude it would be anomalous to award in equity counsel fees expended for the enforcement of an unenforceable covenant,

or, as applicable here, for the enforcement of a covenant which, *as reformed,* was not breached.[2]

¶ 10 As discussed above, the trial court suggests that a breach can be inferred from the fact that it granted relief. Presumably, the breach to which the court is referring is a breach of the covenant as originally written. It is clear, however, that there was no finding by the trial court that could be interpreted as constituting a breach of the covenant as it ultimately was reformed by the trial court. Under these circumstances, we conclude it was inequitable to award counsel fees and, accordingly, reverse the judgment of the trial court.[3]

 ¶ 11 We note that we are not questioning the trial court's jurisdiction to grant the injunctive relief it ordered. Indeed, we have already affirmed its order in that regard. *See Mrozek I.* Moreover, Eiter's actions arguably breached the noncompete provision as written—as the trial court implies—and a court in equity, once its jurisdiction attaches, may provide whatever relief is warranted to effect complete justice between the parties. *See Carroll v. Ringgold Educ. Ass'n,* 545 Pa. 192, 205, 680 A.2d 1137, 1144 (1996) (Where "equity assumes jurisdiction for one or more purposes, it will retain jurisdiction for all purposes to give complete relief and to do complete justice between the parties." (internal quotation marks and citation omitted)).

¶ 12 For all the foregoing reasons, we reverse the judgment awarding counsel fees to Disaster Specialists.[4]

¶ 13 Judgment vacated. Jurisdiction relinquished.

---

2. Although not directly on point, this Court's decision in *Bowser v. Blom,* 766 A.2d 1259 (Pa.Super.2001), *appeal granted,* 565 Pa. 178, 772 A.2d 415 (2001), provides some support for our conclusion. In *Bowser,* we determined that the simple fact that relief was ordered by the trial court was not dispositive as to which party "prevailed" under a relevant child support statute authorizing counsel fees for the prevailing party. Mother sought a child support order against father, who did not dispute paternity and had been paying support faithfully. Mother brought the action seeking additional support based on father's military benefits, which father asserted should not be counted. The trial court ordered support in an amount consistent with what father already had been paying, and it did not award counsel fees. *Id.* at 1260, 1263. We affirmed the denial of counsel fees, concluding that, under the child support statute, mother did not "prevail" because the order provided as relief only what had been previously uncontested by father. *Id.* at 1262–63. In the instant case, the nature of the relief ordered by the court was apparently undisputed by Eiter as he testified that he never intended to provide information about Disaster Special-

ists' adjusters to Purofirst, and the trial court found that no such information was provided.

3. Although the counsel fees provision provides for fees where an action is brought regarding even an *alleged* breach of the covenant ("Operating Rules of Disaster Specialists" signed by Eiter on 5/1/96, Exhibit A to Complaint, at 5), Disaster Specialists does not contend that its allegation alone entitled it to counsel fees. (Brief for Disaster Specialists, at 7.) Indeed, it concedes that our decision in *Creeks v. Creeks,* 422 Pa.Super. 432, 619 A.2d 754 (1993), suggests that a party requesting counsel fees must prove a breach of the relevant agreement. In that case, although the agreement at issue provided for counsel fees for a "breach or alleged breach" of the agreement, we reversed the trial court's denial of counsel fees (and remanded) because we determined the trial court erroneously had concluded that a breach had not occurred. *Id.* at 438, 619 A.2d at 757.

4. Given our resolution of this issue, we need not address Eiter's remaining contentions on appeal.