**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATIE SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AVA HUNT; ALESHIA GRIFFIN; ANNE | : | No. 60 EDA 2019 |
| MARIE SHOUR; RONALD SHOUR; | : | |
| JOHNSON THAIPARAMBIL; SHAINY | : | |
| THAIPARAMBIL; LEUDY CHECO; | : | |
| ANDREA CURIEL; GEORGE PORTER; | : | |
| MARY PORTER; JAY MARKOWITZ; | : | |
| EMMANUEL STOUPAKIS; SHARON L. | : | |
| AGATE; AND CITY OF PHILADELPHIA | : | |

Appeal from the Order Entered December 3, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  170300774

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:　　　　　　　　**FILED FEBRUARY 11, 2020**

Appellant Katie Snyder appeals from the order denying her motion to remove nonsuit granted in favor Appellees Ava Hunt, Aleshia Griffin, Johnson Thaiparambil, Shainy Thaiparambil, Jay Markowitz, Emanuel Stoupakis, and Sharon Agate.[1]  Appellant contends that the trial court abused its discretion and committed errors of law by failing to remove the nonsuit.  We quash.

---

[1] Regarding the additional parties named in the caption, the trial court granted a motion for directed verdict as to George Porter, Mary Porter, Leudy Checo, and Andrea Curiel.  **See** N.T. Trial, 9/11/18, at 39.  Appellant stipulated to the dismissal without prejudice of all claims against the City of Philadelphia.  **See** Stipulation, 9/13/18.  Appellant entered into a settlement agreement with

The relevant facts and procedural history of this appeal are as follows. Appellees are the owners and occupants of residential properties on the 6100 block of Castor Avenue and the 1400 blocks of Benner and Lardner Streets in Philadelphia. These properties share a common driveway, which runs behind the homes on Castor Avenue and between the homes on Benner and Lardner Streets.

On July 24, 2015, Appellant tripped and fell while walking across the common driveway. On March 10, 2017, Appellant filed a negligence complaint against Appellees, alleging that (1) Appellees had a duty to maintain the driveway in a reasonably safe condition; (2) Appellees breached their duty by permitting a "hole/broken pavement" to develop; (3) Appellant suffered injuries as a result of her trip and fall; and (4) Appellees' failure to maintain the driveway was the direct cause of Appellant's injuries. *See* Compl., 3/10/17, at ¶¶ 19-22. Appellant also filed suit against the City of Philadelphia. *See id.* at 15.

Appellees Ava Hunt, Aleshia Griffin, Jay Markowitz, Emanuel Stoupakis, Sharon Agate, Ann Marie Shour, Johnson Thaiparambil, Shainy Thaiparambil, and the City of Philadelphia each filed cross-claims for indemnification and/or contribution against all other Appellees.

---

Anne Marie Shour. *See* N.T. Trial, 9/10/18, at 12. Ronald Shour died in 2014, before the events giving rise to Appellant's complaint, and it is unclear from the record whether the trial court formally disposed of the claims against him. *See id.* at 13.

Initially, an arbitration panel found in favor of all Appellees on November 20, 2017. On December 4, 2017, Appellant filed a notice of appeal from the arbitrators' award. *See* Pa.R.C.P. 1311.

The matter proceeded to a jury trial on September 10, 2018. At trial, Appellant testified that she lived on the 1400 block of Lardner Street on July 24, 2015. N.T. Trial, 9/10/18, at 97. On that date, Appellant walked down the common driveway to go to a corner store. *Id.* at 101. While attempting to avoid "one big crack" in the ground, Appellant stepped into a "hole behind the crack" and fell. *Id.* at 103. During Appellant's testimony, her trial counsel displayed a photograph of the common driveway. *Id.* at 109. Appellant looked at the photograph and pointed to the area where the hole was "roughly" located. *Id.* at 110.

Appellant also presented testimony from Robert Petralia, an expert in the field of land surveying. Mr. Petralia performed a survey of the area where Appellant fell, and he inspected the deeds for the properties on the 1400 blocks of Benner and Lardner Streets and the 6100 block of Castor Avenue. *Id.* at 50-51. Mr. Petralia indicated that Appellant fell near "the rear of 6109 Castor . . . just opposite 1414 Lardner Street." *Id.* at 56. Based upon his review of the deeds, Mr. Petralia also opined that all of Appellees' properties "have the common use and right to use that driveway." *Id.*

On cross-examination, however, Mr. Petralia testified that he did not bring all of Appellees' deeds with him to trial. *Id.* at 61. Rather, the only deed Mr. Petralia brought to trial was the deed for 6101 Castor Avenue. *Id.*

at 62. Therefore, Mr. Petralia conceded that he could not testify about the specific language in any deed other than the deed for 6101 Castor Avenue. *Id.*

At the conclusion of Appellant's case-in-chief, counsel for Appellees Shainy and Johnson Thaiparambil moved for nonsuit. N.T. Trial, 9/11/18, at 18. After receiving argument from counsel, the trial court granted the motion. *Id.* at 23. Thereafter, counsel raised the same motion for Appellees Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate. *Id.* at 24. Following additional argument, the trial court granted the motion. *Id.* at 30. Finally, counsel moved for nonsuit on behalf of Appellee Jay Markowitz, which the trial court also granted. *Id.* at 30, 38.[2] On September 12, 2018, the parties signed a stipulation for dismissal of all claims against the City of Philadelphia.

Appellant filed a motion to remove nonsuit on September 17, 2018, and the trial court scheduled the matter for argument. Following argument, the parties submitted briefs in support of their positions. On December 3, 2018, the trial court denied Appellant's motion to remove nonsuit.

_____

[2] The trial court memorialized its granting of the motions for nonsuit on a form labeled "Trial Work Sheet." *See* Trial Work Sheet, 9/11/18. In the section titled "Full Description of Disposition (to be entered Verbatim on the Docket)," the trial court indicated that it granted Appellees' motions for nonsuit. *Id.* Underneath this description, the form lists several other procedural circumstances that can occur at trial. *Id.* The trial court can place an "X" next to any of the circumstances that are relevant to the proceedings at issue. *Id.* Here, the trial court placed an "X" next to "Finding for Defendant (Non-Jury)." *Id.* The trial court did not place an "X" next to "Judgment entered." *Id.*

Appellant filed a notice of appeal on December 26, 2018. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which Appellant timely filed on January 25, 2019. The trial court filed a responsive opinion on April 1, 2019. In the opinion, the trial court concluded that nonsuit was proper because (1) there was no evidence that Appellee Shainy Thaiparambil's property abutted the site of Appellant's fall; (2) there was no evidence of Appellee Jay Markowitz's liability, because Appellant did not enter his deed into evidence; and (3) regarding Appellees Ava Hunt, Aleshia Griffin, Emmanuel Stoupakis, and Sharon Agate, Appellant did not present any evidence to establish their relationship to the case. *See* Trial Ct. Op., 4/1/19, at 4.

Appellant now raises three issues for our review:

1. Whether the trial court abused its discretion and otherwise committed an error of law when it granted a nonsuit when Appellant established a *prima facie* case with evidence presented during trial?

2. Whether the trial court abused its discretion and otherwise committed an error of law by failing to remove the nonsuit when the errors were presented?

3. Whether the trial court abused its discretion and otherwise committed an error of law by entering a nonsuit despite uncontested expert testimony presented during trial establishing ownership of the alleyway?

Appellant's Brief at 8.

In reviewing a trial court's grant of nonsuit in favor of a defendant, we employ the following standard of review:

> The plaintiff must be allowed the benefit of all favorable evidence and reasonable inferences arising therefrom, and any conflicts in the evidence must be resolved in favor of plaintiff. Further, it has been long settled that a compulsory nonsuit can only be granted in cases where it is clear that a cause of action has not been established. However where it is clear a cause of action has not been established, a compulsory nonsuit is proper. We must, therefore, review the evidence to determine whether the order entering judgment of compulsory nonsuit was proper.

*Braun v. Target Corp.*, 983 A.2d 752, 764 (Pa. Super. 2009) (citation omitted).

Under Pennsylvania law, an appeal may be taken as of right from any final order of a lower court. Pa.R.A.P. 341. A "final order" is any order that: (1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to Pa.R.A.P. 341(c).

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

Pa.R.A.P. 341(c). When such a determination is made under Rule 341(c), an order becomes appealable when entered. *Id.* In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order. *Id.*

Initially, we note that "a motion to remove nonsuit must be regarded as a 'post-trial motion' under the rules of civil procedure, thus placing a case that ended with entry of a nonsuit in the same procedural context as one that ended by verdict, *i.e.*, one requiring the filing of a post-trial motion." ***Billig v. Skvarla***, 853 A.2d 1042, 1048 (Pa. Super. 2004). "[A]n order denying post-trial motions is interlocutory and generally not appealable." ***Krishnan v. Cutler Group, Inc.***, 171 A.3d 856, 862 n.1 (Pa. Super. 2017) (citation omitted).

"[I]n a case where nonsuit was entered, the appeal properly lies from the **judgment entered** after denial of a motion to remove nonsuit." ***Billig***, 853 A.2d at 1048 (emphasis added). "The entry of judgment is a prerequisite to this Court's exercise of jurisdiction." ***Mrozek v. Eiter***, 805 A.2d 535, 536 n.1 (Pa. Super. 2002) (citation omitted).

Instantly, the trial court denied Appellant's motion to remove nonsuit on December 3, 2018. No party filed a *praecipe* for entry of judgment, and the trial court did not enter judgment. Because the trial court has not entered judgment in this matter, the appeal is premature. ***See Billig***, 853 A.2d at 1048; ***Mrozek***, 805 A.2d at 536 n.1.

Further, the record does not indicate that the trial court resolved all of Appellees' cross-claims. ***See*** Pa.R.A.P. 341(c); ***see also Bollard & Assocs., Inc. v. PA Assocs.***, ___ A.3d ___, 2019 WL 6122809, *3 (Pa. Super. 2019) (reiterating that "[a] discontinuance of all of the plaintiff's claims in an action does not discontinue counterclaims filed by a defendant" and stating that "this

- 7 -

rule applies equally to cross-claims filed by a defendant against another defendant").

As indicated previously, Appellee Anne Marie Shour reached a settlement agreement with Appellant. *See* N.T., 9/10/18, at 12. However, the record contains no resolution of the claims against Appellee Anne Marie Shour, nor is there any indication that the settlement agreement precluded her from pursuing her cross-claims for indemnity or contribution. *See Bollard* at *3. Further, the record is unclear regarding the status of the remaining Appellees' cross-claims. *See id.* at 7. Therefore, the parties and the trial court must resolve the status of all outstanding claims, including cross-claims and counterclaims, before Appellant can *praecipe* for entry of a final judgment. Accordingly, we must quash this appeal.

Appeal quashed.

President Judge Panella joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20