**Catherine PAALVAST, Appellee,**

v.

**Paul DISARRO, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 2000.

Decided Aug. 1, 2000.

Richard J. Shiroff, Easton, for appellant.

Gary N. Asteak, Easton, for appellee.

Before DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, J.:

¶ 1 Appellant Paul J. DiSarro appeals from an order directing him to pay child support in the amount of $1,283 per month plus an additional $1,138 per month in arrears. We affirm.

¶ 2 Appellant raises only two issues on appeal: (1) the trial court erred in finding it had *in personam* jurisdiction over Appellant and (2) the trial court erred in failing to apply New Jersey law in determining Appellant's child support liability.

¶ 3 The parties married in September of 1978 and lived in the state of New Jersey. Their one child was born December 2, 1984. They separated and, on July 6, 1988, executed a property settlement agreement which included a provision for child support. Appellee and the child moved to Northampton County, Pennsylvania, where Appellee filed a divorce action. In response, Appellant filed a consent and, on July 13, 1989, the Northampton County court entered a divorce decree which incorporated the property settlement agreement. Thereafter, Appellee filed an action to increase the support order. Appellant, still a resident of New Jersey, contested the court's jurisdiction over him. The court found that Appellant consented to jurisdiction in Pennsylvania by filing a consent to the divorce and the incorporation of the property settlement agreement into the di-

vorce decree.[1] Thereafter, the court calculated Appellant's support obligation and entered the order appealed from.

¶ 4 Appellant first contends the trial court erred in finding that Northampton County had *in personam* jurisdiction of him since he is, and consistently has been, a resident of New Jersey. We disagree. In a support proceeding, Pennsylvania may exercise personal jurisdiction over a nonresident individual if "the individual submits to the jurisdiction of this State by consent...." 23 Pa.C.S.A. § 7201(2). Moreover, the court which has original jurisdiction in the divorce also has continuing jurisdiction over child support and/or any property settlement involving child support which is submitted by the parties. 23 Pa.C.S.A. § 3104.

¶ 5 Appellant submitted to the jurisdiction of the Northampton County court when he responded to Appellee's divorce action by filing a consent to the divorce and incorporation of the property settlement agreement in the divorce decree. Since he consented to the jurisdiction of the court to enter the initial divorce decree which, because of the incorporation of the property settlement agreement, included a child support order, he has consented to the court's continuing jurisdiction to enforce or modify the terms of that decree, including the child support provisions.

¶ 6 Appellant further contends that the trial court erred in refusing to apply paragraph 22 of the agreement which states that the agreement shall be governed by New Jersey law. Appellant concedes that Appellee did not sue on the agreement but claims the trial court should have applied the choice of law provision because the court based its jurisdiction on the agreement. We do not agree that the trial court based its jurisdiction on the agreement. Rather, jurisdiction was found because Appellant submitted to the

jurisdiction of the Northampton County court by responding to Appellee's divorce complaint, *i.e.*, filing a consent to the divorce as well as consenting to the incorporation of the agreement into the divorce decree. The agreement itself does not confer jurisdiction in any particular place. Since Appellee did not sue on the agreement, there was no reason for the trial court to abide by its provisions and apply New Jersey law.

¶ 7 Order affirmed.

No. 4305 Philadelphia 1997 (Pa.Super.1998) (unpublished memorandum).

---

1. Appellant appealed the initial order finding jurisdiction but this Court quashed that appeal as interlocutory. *Paalvast v. DiSarro,*