Cornelia PFEIFER, Appellant,

v.

Denny R. CUTSHALL, Appellee.

Superior Court of Pennsylvania.

Submitted Jan. 12, 2004.

Filed June 3, 2004.

Beverly J. Mears, Altoona, for appellant.

Denny R. Cutshall, appellee, pro se.

Before: DEL SOLE, P.J., TAMILIA and POPOVICH, JJ.

TAMILIA, J.

¶ 1 Cornelia Pfeifer, a citizen and resident of Germany, appeals from the Order of June 30, 2003, finding appellee/father in contempt and enforcing the Order of child support entered in Germany against father, Denny R. Cutshall.[1] Father was formerly a member of the armed forces stationed in Germany; he is now a resident of Blair County, Pennsylvania. Mother challenges only that portion of the Order directing that arrearages be recalculated as of September 27, 1999, the date the petition was filed in Germany, rather than May 16, 1989, the child's birth date, as was directed by the German court Order.[2]

¶ 2 On March 19, 2001, an Order of $171 monthly child support for the parties' minor child, issued upon petition by appellant/mother by the Republic of Germany on September 27, 1999, and made retroactive to June 21, 1989,[3] was entered on the record in Blair County, Pennsylvania, for the purpose of enforcement against appellee. Record, Nos. 3 & 4, German Orders of Support; No. 6, Order of Registration and Confirmation; N.T. 1/27/03 at 5. Included in that September 27, 1999 Order were significant arrearages ($15,523.00) calculated retroactively not from the date of the filing of mother's petition, but from July 1, 1989, approximately six weeks after the child was born. Appellant paid support pursuant to the Order, albeit sporadically, until May, 2002, when he fell in arrears here in the United States. The Domestic Relations Section, on behalf of mother, filed a petition for contempt for nonpayment on January 6, 2003. By that time the arrearages had increased to $19,163.83. Record, No. 11, Order of Court, at 3.

¶ 3 A hearing on the contempt petition was conducted on January 27, 2003, at which time father testified before the court and responded to the court's questions primarily concerning the large amount of arrearages owed. Father explained that at the time of the child's birth, the Republic of Germany, under socialist law, assumed financial responsibility for the maintenance of the child until age 12. N.T. at 2. Sometime in the 1990's, however, the laws changed to allow children fathered by American servicemen to seek support through the courts. *Id.* at 3. In the year 2000, the German government began seeking support from the fathers for the children, retroactively to the child's birth; hence, in appellee's case, the significant amount of arrearages. The court questioned rhetorically whether the German courts, "have any standing at all to do this." At the close of the hearing, the court referred the matter to the solicitor of the Blair County Domestic Relations Section for an advisory opinion, and entered an Order staying payment on arrearages and resolution of the contempt petition pending its report. Record, No. 12, Order. Six months later, on June 30, 2003, the court entered its Order finding appellee in contempt and directing that the finding could be purged by appellee complying with the support Order ($171 per month),

---

1. Father has not filed a brief in this matter.

2. Father signed an affidavit of paternity and an affidavit of support on June 20, 1989.

3. According to father's testimony, the child was born May 16, 1989; the trial court stated the child was born June 20, 1989. It appears that the June 20, 1989 date, was the date on which appellee acknowledged paternity.

and paying an additional $100 toward arrearages. Record, No. 13, Order. Pertinent to this appeal, the court also directed:

**IT IS FURTHER ORDERED, DIRECTED AND DECREED** prior to commencement of further enforcement efforts against [appellee] the Domestic Relations Section shall re-calculate and determine arrearages from the date of filing of a petition for child support in the court of Germany, namely, September 27, 1999, and such re-calculated arrearages shall be the sum which shall be enforced by this Court along with regular monthly support payments.

*Id.* at 2–3. It is only this portion of the June 2003 Order that mother challenges.

¶ 4 The principal issue before this Court is whether the trial court had the authority to modify the arrearages as calculated by the German court.

When reviewing support matters, this Court must determine whether the trial court abused its discretion. We may find an abuse of discretion only upon proof of more than a mere error in judgment. Instead, such a finding requires clear and convincing evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill-will, prejudice, or partiality. A support award must be fair, non-confiscatory and attendant to the circumstances of the parties.

*Bowser v. Blom,* 766 A.2d 1259, 1260–1261 (Pa.Super.2001) (citations and quotations omitted).

¶ 5 Mother argues the court lacked jurisdiction to *sua sponte* remit the accrued arrearages for recalculation where no petition for modification was before it and, "the only issue before the court was whether the obligor was in contempt for failure to pay the support as directed[.]" Appellant's brief at 4. Mother also argues the court erred by, "unilaterally reducing the amount of arrearages that were specified in the foreign order and which had been confirmed by a prior Order of the Court of Common Pleas of Blair County[, pursuant to 23 Pa.C.S.A. § 7608, **Confirmed order,**] and from which no appeal had been taken." *Id.* She relies on *Calloway v. Calloway,* 406 Pa.Super. 454, 594 A.2d 708 (1991) for her assertion the trial court may not retroactively suspend an Order for support or arrearages when a petition for modification is not before it. Although generally appellant is correct in this contention, the facts in *Calloway* are distinguishable in that the *Calloway* Court was not asked to enforce an Order that was null and void under the laws of this Commonwealth. Here, the court properly applied *Bowser v. Blom, supra,* for the proposition that an Order for support may not be made retroactive prior to the date of the filing of the complaint for support, and that arrearages accumulated with regard to such retroactive support Order are a nullity.

¶ 6 The record indicates that on January 30, 2001, the Blair County Domestic Relations Office received from Germany a request for registration of the September 27, 1999 Order of support entered, *in absentia,* against appellee. Included in the supporting documentation were a general order of support for $171 monthly, and a detailed description of arrearages purportedly owed. In addition to an itemized list of the monthly $171.00 delinquent payments owed by appellee from September 27, 1999 forward, the documents included a summary of arrears owed, including money paid by the German government to mother for support of the minor child since

his 1989 birth.[4] Also provided to the Pennsylvania court were an acknowledgment of paternity and affidavit to pay support, both signed by appellee on June 20, 1989 in the presence of armed forces counsel. While father did not contest his obligation to pay support, testimony by an enforcement officer at the contempt hearing indicated appellee initially did not respond to June, 2000 correspondence asking if he objected to the registration of the foreign Order. In February 2001, however, Father did notify the court that he objected to the arrearages assessed. The Domestic Relations Section advised him he would have to document his payments, and then it would refer the matter to the German courts. N.T., 7–8.

¶ 7 We find that seeking and receiving acknowledgment of the September 27, 1999 Order in Pennsylvania courts, and now exercising her right to enforce that Order via her contempt petition, have resulted in mother/appellant subjecting herself and her support action to the rules of this Commonwealth. *See Paalvast v. Di-Sarro,* 758 A.2d 192 (Pa.Super.2000), *appeal denied,* 567 Pa. 714, 785 A.2d 90 (2001); 23 Pa.C.S.A. § 7201, **Bases for jurisdiction over nonresident** (2). These rules necessarily include legal principles as well as equitable considerations. As the trial court explained in its well-reasoned Opinion, while "[t]he courts of the Commonwealth have the authority based upon principles of comity to recognize and enforce judgments and orders rendered by courts of foreign countries[,]" "the Courts of this Commonwealth are not required to give blind obedience to them." Trial Court Opinion, Peoples, P.J., 9/18/03, at 4–5.

¶ 8 While appellee agreed to be financially responsible for his son, noticeably absent from the documents received from Germany is any request by mother for support, or any Order of court dated *prior to* September 27, 1999, reducing to court Order father's 1989 agreement to be financially responsible for his child. Not only is there no Order predating the September 27, 1999 Order that obligated appellee to pay *any* child support, as the trial court noted, "[no] evidence of [appellee's] consent to the entry of the support Order in Germany has been offered to this Court and, thus, it is concluded that the Order is the result of unilateral action by the [appellant]." *Id.* at 4.

The attempt to enforce arrearages as calculated by the German court for many years when no support order existed *offends this Court's sense of justice.* Likewise, we deem it *contrary to good public policy* to provide enforcement for the German court's order in a manner which would never occur as to an order which originated in this Court.

Parenthetically it is noted that *counsel for mother has provided this Court with no legal authority* for the action which she seeks, namely, collection of arrearages calculated for periods of time when no child support order existed.

Barring exceptional circumstances (not here present) an order for child support is *retroactively effective only to the date of filing of the complaint. Pennsylvania Rule of Civil Procedure No.1910.17 [* **Support Order. Effective Date. Change of Circumstances. Copies of Order]**. *Bowser v. Blom,* 766 A.2d 1259 (Pa.Super.2001).

*Id.* at 7–8 (emphasis in original).

¶ 9 That being said, the court nevertheless recognized father's legal and moral

---

4. Arrears were calculated as follows, retroactively to 1989: owed to mother by appellee, $8,571.00; owed by appellee to the German government for monies paid to mother, $6,952.00.

 

obligation and apparent willingness to support his child, and

accorded to the instant matter exactly the same treatment as [it] would to any child support case which originated in this Court. We are required to recognize the existence of a support obligation established in a foreign nation's court. We are not required to give that foreign court's order effect without concern for principles of justice and fairness to the extent that our sense of justice is offended.

*Id.* at 9.

¶ 10 Based on the reasoning of the trial court and that of this Court set forth above, we find the trial court did not abuse its discretion or commit an error of law by directing that the arrearages arbitrarily imposed by the German court be recalculated in accordance with the laws of Pennsylvania. The effective date of the support Order and calculation of arrearages therefrom is, therefore, September 27, 1999.

¶ 11 Order affirmed.