# Scully v. Scully

394

*David S. Pollock,* for plaintiff.
*Mark R. Alberts,* for defendant.

WECHT, *J.,* January 6, 2010—Plaintiff Louise O'Brien Scully (Mother) filed preliminary objections to defendant Henry Crocker Scully (Father)'s petition for retroactive modification and enforcement of support order and petition to designate case complex. The parties were divorced in 2007 and entered into a consent order in 2008 that dealt with support, among other issues. The parties had lived in and were divorced in Bermuda. Mother and the children still reside in Bermuda.[1] Mother registered the consent order in Allegheny County for enforcement purposes because Father is now residing in and employed in Allegheny County. After the order was registered, Father filed his petition for modification as a complex support case.

Mother's preliminary objection is lack of subject matter jurisdiction. Mother argues that under UIFSA, the registered order cannot be modified if the issuing tribunal had jurisdiction. Nor, Mother argues, does Pennsylvania have jurisdiction to modify the order of another state. 23 Pa.C.S. §7611. Mother also argues that if the court does not have subject matter jurisdiction to modi-

---

1. The oldest child is in college in the United States, however.

fy, it cannot have jurisdiction to make the matter complex.

Father argues that Mother cannot register the Bermuda order under UIFSA because Bermuda is not a state under UIFSA. Bermuda has not enacted law similar to the procedures under UIFSA nor does it have reciprocal agreements with the United States or Pennsylvania that would cause UIFSA to be applicable. Father also states that there is a pending modification hearing in Bermuda.

At this point, Mother's preliminary objections are essentially moot. Father is pursuing the modification in the Bermuda courts. However, there still remains Father's objection to Mother registering the order in Pennsylvania (Father's new matter). The issue is whether the Bermuda order can be registered and enforced in Pennsylvania. It is clear that there is no reciprocal agreement between the United States or Pennsylvania and Bermuda. The question is whether there needs to be one. Mother argues that UIFSA does not require a reciprocal agreement and that Bermuda's substantially similar law is enough to allow UIFSA to apply and allow the registration and enforcement of the order. Father argues that reciprocal agreements are necessary and that, without a reciprocal agreement, comity cannot apply, so that the order cannot be enforced in Pennsylvania.

There seems to be sufficient case law to buttress the proposition that a support order can be registered and enforced even if the country from which it originates is not in a reciprocal agreement with the United States or Pennsylvania. The courts seem to focus on comity,

rather than on the statutory provisions. In one case, the Superior Court stated that a Yugoslavian support order could be enforceable in Pennsylvania under comity principles because the general rule was that support orders were recognized unless the decree was tainted by fraud or prejudice or contrary to Pennsylvania law or public policy. *Drakulich v. Drakulich,* 333 Pa. Super. 273, 482 A.2d 563 (1984).[2] In *Pfeifer v. Cutshall,* 851 A.2d 983 (Pa. Super. 2004), the Superior Court enforced a German support order, although it allowed the trial court to recalculate the arrears which had been calculated in a way that violated Pennsylvania public policy. Father argues that this case is not relevant since Germany is a reciprocal country. Germany is not listed among the reciprocal countries under the U.S. State Department, but there is an agreement between Germany and Pennsylvania. In the *Findlay* case, the trial court enforced an English support order based on comity because the order was in accordance with Pennsylvania public policy and there was no reason to deny enforcement. *Findlay v. Findlay,* 33 D.&C. 4th 97 (Montgomery Cty. 1996) (*aff'd* by Pa. Super. Ct. via unpublished memorandum).[3]

---

2. The Superior Court did not rule conclusively that the Yugoslavian order was enforceable because that issue was not before it. The court was instead ruling on whether the Yugoslavian order would allow one party to modify its Pennsylvania support obligation as a change of circumstance. The court ruled that even with the Yugoslavian order, there was not a significant change in circumstance to allow modification of the Pennsylvania obligation. However, the court first determined the enforceability of the Yugoslavian order because, if it were not enforceable, there would be no change in circumstance.

3. Pennsylvania and the United States currently have reciprocal agreements with the United Kingdom, but it appears that they did not have agreements at the time of the *Findlay* case.

Procedurally, once a party has made a contest to the registration, the Inter-Jurisdictional Office will schedule a hearing on the direct hearing docket. Once the hearing officer has made a recommendation, the order is registered or the case is closed. This direct hearing is the next step inasmuch as Father is contesting the registration of the order.

An order in accordance with this memorandum follows.

### ORDER

And now, January 6, 2010, following argument, and due consideration, it is hereby ordered, adjudged, and decreed that:

(1) Plaintiff's preliminary objections are granted.

(2) A hearing on defendant's new matter contesting the registration of the foreign support order will be scheduled on the inter-jurisdictional direct hearing docket. The inter-jurisdictional office will provide notice to all parties of the time and date set for hearing.