J-S10031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.R.G. | |
| Appellee | No. 1828 EDA 2016 |

Appeal from the Order Dated May 13, 2016
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s): Case ID No. 487115655
Docket No. DR-159015
OOS ID No. 1266400664
PACSES No. 487115655

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 18, 2017**

Appellant, M.C. ("Mother"), appeals a May 13, 2016, child support order instructing J.R.G. ("Father") to pay $403 per month in child support for the parties' child, A.I.G, born 2000 ("the Child").  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  **See** Trial Ct. Op., 8/2/16, at 3-8. Therefore, we have no reason to restate them at length here.

For the convenience of the reader, we note briefly that on September 22, 2009, Mother commenced an action for support of the Child in Hillsborough County, Florida.[1]  On December 1, 2010, that file was marked

---

[1] Hillsborough County Dkt. No. 09-DR-016518.

closed, and the action was terminated. *See* N.T., 4/27/16, at 8; Trial Ct. Op., 8/2/16, at 14.

On November 16, 2015, in Hillsborough County, Florida, Mother filed a new Uniform Support Petition ("the Petition") for support of the Child. The Hillsborough County Office of Child Support Enforcement forwarded the Petition to the Pennsylvania Child Support Central Registry, which in turn forwarded it to the Northampton County Court of Common Pleas, Domestic Relations Section. The Northampton County trial court scheduled a conference for March 3, 2016, where Father appeared in person and *pro se*, and Mother appeared via telephone. Trial Ct. Op., 8/2/16, at 2 (citing Summary of Trier of Fact, 3/3/16). On March 8, 2016, upon recommendation of the conference officer, the trial court entered an order of support in the amount of $403 per month. The order allocated $336 for basic support of the Child and $67 to be applied to arrears, dating back to November 16, 2015, the day the petition was filed.

On March 21, 2015, Father filed a written demand for a *de novo* hearing, which was held on April 27, 2016, again with Father appearing in person and *pro se*, and Mother appearing via telephone. At the hearing, Mother "argued that she had filed for support in September 2009 and that arrears should go back to September 2009." Trial Ct. Op., 8/2/16, at 5 (citing N.T., 4/27/16, at 6-7). Mother "noted that she had submitted a docket summary for the case in Hillsborough County, Florida which showed

she sought relief in September 2009." *Id.* (citing N.T., 4/27/16, at 8). Following the hearing, the "Order of March 8, 2016 [was] made final," in an order dated April 27, 2016, and entered on the docket on May 13, 2016. On June 8, 2016, Mother filed a timely notice of appeal.

On June 13, 2016, the trial court ordered Mother, then *pro se*, to file a Rule 1925(b) statement of matters complained of on appeal within twenty-one days "from the entry of this Order." Mother never complied. The trial court concluded that by not filing a Rule 1925(b) statement, Mother waived all issues on appeal. We are constrained to agree.

Failure to timely file a 1925(b) statement when ordered by the trial court results in a waiver of all issues on appeal. *Dixon v. Northwestern Mut.*, 146 A.3d 780, 786 (Pa. Super. 2016); *J.P. v. S.P.*, 991 A.2d 904, 908 (Pa. Super. 2010); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). The Supreme Court has instructed that compliance with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations

from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement"); ***see also Dong Yuan Chen v. Saidi***, 100 A.3d 587, 594 (Pa. Super. 2014) ("rule governing statements of matters complained of on appeal sets out simple bright-line rule, which obligates appellant to file and serve statement, when so ordered; any issues not raised in statement will be deemed waived" (citing **Hill**, 16 A.3d at 493-94)). In light of the Supreme Court's dictates, we must hold that Mother's issues are waived.

Mother contends that her statement of issues in our Court's docketing statement should satisfy the Rule 1925(b) requirement. Mother cites no authority that has permitted the filing of a docketing statement to substitute for a Rule 1925(b) statement. To the contrary, in **Dixon**, 146 A.3d at 786, we held that a Rule 1925(b) statement and a docketing statement serve different purposes and that one therefore cannot substitute for another.[2]

In her appellate brief, Mother admits that a concise statement was not filed and states: "Mother, then acting *pro se*, may not have realized that a docketing statement and a Rule 1925 statement are different, and the documents were due, as it happened, on almost the exact same date."

---

[2] Rule 1925(b) requires a statement to be presented to the trial judge to enable the judge to write an opinion pursuant to Rule 1925(a). A docketing statement is filed with this Court, and not with the trial judge. In this case, Mother mistakenly filed her docketing statement with the Northampton County Prothonotary, rather than this Court. The statement was not presented to the trial judge, however.

Mother's Brief at 6. Mother then "requests the Court consider the case on the merits." *Id.* However, "[w]hile this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [she] lacks legal training." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa. Super. 2003) (brackets and citation omitted). Mother's inclusion of the issue in her docketing statement does not excuse her failure to comply with Pa.R.A.P. 1925. *See Dixon*, 146 A.3d at 786. By the time a docketing statement is filed, the trial court has lost jurisdiction over the case and cannot rectify any errors before appellate review. Accordingly, notwithstanding Mother's *pro se* status and the inclusion of her issue in the docketing statement to this Court, we must find her issue waived.[3]

    Order affirmed.

_____

[3] Even if Mother's issue were not waived, we still would affirm the child support order. In her docketing statement, Mother contends that, "Trial Court did not consider the fact that the Child Support was due and [owing] since September 2009 and only calculated since November 2015, despite being notified of the Hillsborough County action pending since 2009." We disagree. The effective date of a child support order and calculation of arrearages is the date that the petition was filed in a foreign jurisdiction. *Pfeifer v. Cutshall*, 851 A.2d 983 (Pa. Super. 2004). Mother filed her Petition in Hillsborough County, Florida, on November 16, 2015, and the trial court correctly used that date to calculate arrearages. Hence, the trial court did not abuse its discretion in fashioning the award. *See Haley v. Haley*, 549 A.2d 1316, 1317 (Pa. Super. 1988). The trial court did not err in failing to use the date of Mother's 2009 Hillsborough County petition because that case's status was changed to "closed" on December 1, 2010, and the record from that case therefore did not support the conclusion that any amounts were overdue or other claims were pending with respect to it.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2017